### Recht, Appellant, *v.* Clairton Urban Redevelopment Authority.

600

Argued September 29, 1960.  Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

reargument refused March 10, 1961.

*Joseph I. Lewis,* for appellant.

*William M. Acker,* with him *John B. Nicklas, Jr.,* and *McCrady & Nicklas,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 17, 1961:

This is an appeal from a decision of the Superior Court (191 Pa. Superior Ct. 404, 156 A. 2d 877), which affirmed a judgment entered by the Court of Common Pleas of Allegheny County in the amount of $750 with interest and costs in favor of J. B. Nicklas, Jr., an attorney, and against Herman Recht, a judgment which the court directed be a "charging lien" against a jury verdict recovered by Recht against the Urban Redevelopment Authority of the City of Clairton (Authority).

The issue herein presented is: may an attorney assert a "charging lien" against a judgment recovered as a jury verdict in an appeal from a viewers' award in a condemnation proceeding if the attorney took no part in the preparation or trial of the appeal proceeding?

Recht owned an undivided one-sixth interest in certain real estate in the city of Clairton. This realty was condemned by the Authority of that city in eminent domain proceedings in the Court of Common Pleas of Allegheny County, No. 312 April Term, 1954.[1] A board

---

[1] The legality of this condemnation proceeding was decided by this Court in *Oliver v. Clairton,* 374 Pa. 333, 98 A. 2d 47. Attorney Nicklas was retained there by Recht to contest the validity of the condemnation proceedings and he intervened in the above-captioned

of viewers was appointed and proceedings were held before the viewers which resulted in an award of $22,500, of which $3,750 represented Recht's share. Attorney Nicklas took part in *that proceeding,* filed and argued exceptions to the viewers' award and he further prepared and filed a petition for appeal to the Court of Common Pleas of Allegheny County on behalf of all the tenants in common (No. 1057 January Term, 1955). However, all of the parties, with the exception of Recht, finally accepted the viewers' award rather than proceed with a jury trial.

Attorney Nicklas then submitted a bill of $750 to Recht for his services rendered in the viewers' proceeding (No. 312 April Term). Recht denied that Attorney Nicklas represented his interests in that proceeding or that he was ever retained to do so, and, accordingly, refused to pay the bill.

Subsequently, a separate appeal to the Court of Common Pleas of Allegheny County was filed on behalf of Recht (No. 816 January Term, 1955) by Louis Rosenfield, Esq.[2] After a trial, Recht recovered a verdict of $6,360 against the Authority upon which a judgment was duly entered. Attorney Nicklas did not participate in that proceeding.

Thereafter, Attorney Nicklas presented a petition praying for a charging lien against the verdict and judgment thereon awarded to Recht. The court, acting in the capacity of a chancellor, granted a rule on Recht and the Authority to show cause why the sum of $750 (fee for services) should not be paid out of the $6,360 judgment. The Authority answered, alleging

case and argued the same before this Court. Attorney Nicklas was paid in full for his services rendered in that case and makes no claim therefor in this proceeding.

[2] This appeal was tried by Joseph I. Lewis, Esq., present counsel for Recht on this appeal.

that it was a stake holder of the fund and that it was ready or prepared to pay as the court ordered. By order of court, the Authority was permitted to pay the amount of the judgment to Recht upon the filing of a bond to insure and protect the claim of Attorney Nicklas. Herman Recht presented a motion to dismiss the rule, which was argued before the court en banc. The court refused the motion and ordered Recht to answer the rule. Recht then answered the rule denying that the relationship of attorney and client ever existed between the parties in the viewers' proceeding and denying the right of Attorney Nicklas to any lien. Recht later submitted a petition for leave to amend his answer for the purpose of requesting a jury trial; a rule to show cause was granted, and, after oral argument and briefs, the court en banc dismissed the petition.[3] A hearing was held before the court and on the pleadings and the testimony taken, the court found as a fact that Recht had retained Attorney Nicklas as counsel to represent him in the viewers' proceeding and that the sum of $750 was fair and reasonable. The court entered a judgment in favor of Attorney Nicklas and against Recht and directed that such judgment be a charging lien against the fund of $6,360.

Upon Attorney Nicklas' petition for a rule, the court below first adjudicated Nicklas' claim for fees against Recht and then proceeded to make the judgment thus obtained a charging lien on the fund realized in the condemnation proceeding. In both instances, the court below erred. The court below had no jurisdiction in this form of proceeding to pass upon and adjudicate Nicklas' claim for fees and the court could not in the capacity of a chancellor assume such jurisdiction. Furthermore, assuming, arguendo, the court had jurisdic-

---

[3] The adjudication of the court below discloses that the petition to amend was not timely and for that reason was refused.

tion to pass upon the validity of Nicklas' claim for fees, under the instant circumstances, it could not, make the judgment a charging lien on this fund.

The right of an attorney to secure an *equitable charging lien* upon a fund has been frequently recognized by the appellate courts of the Commonwealth. *McKelvy's & Sterrett's Appeals,* 108 Pa. 615, is a landmark decision on the subject. In that case, a controversy had arisen out of an award made to Sterrett and others by a master's court. Sterrett's attorney, Neill, moved to have his fee paid out of the share of his client, Sterrett. An auditor was appointed and he found that Neill was entitled to his fee. This Court, affirming the decree entered below, stated that counsel had no lien upon the fund but, since its existence was due to counsel's efforts and since it had been agreed that compensation was to be from the fund recovered, counsel was and would be treated as the "equitable owner" to the extent of his fees. It further appeared that Sterrett, the client, was insolvent.

In *Appeal of Atkinson,* 8 Sadler 292, 11 A. 239, an attorney had secured a judgment for his corporate client and the money realized by execution on the judgment was paid into court and an auditor appointed to distribute the proceeds. Upon the request of the attorney for allowance of his fees from the fund, we affirmed, per curiam, the decree of the court below which held that where a fund is brought into court through the efforts of an attorney, the court may award him reasonable compensation out of the fund, especially where the client is insolvent.

In *Aber's Petition,* 18 Pa. Superior Ct. 110 (1901), Aber obtained a judgment against Schnuth for $188.42. Shortly thereafter, Schnuth obtained a judgment against Aber for $327.28. The day before entry of the latter judgment, Schnuth assigned it to his attorneys for services rendered in that and other proceedings.

Aber was granted a rule upon Schnuth and his attorneys to show cause why he should not be allowed to set off his judgment. Schnuth was insolvent at the time. The attorneys claiming a lien upon the judgment, the court discharged the rule. While this Court reversed on other grounds, it was stated that, even assuming that a lien was available upon the fund, such lien was limited to claims for services rendered in the proceeding which created the fund and did not extend to services rendered in other litigation.

In *Seybert v. Salem Township,* 22 Pa. Superior Ct. 459, counsel was retained by the plaintiff and he prepared a case for trial. Other counsel however prosecuted the case to judgment and received the payment therefor. The first counsel then petitioned for a rule to show cause why he should not be paid out of the funds in the hands of the attorneys. The court found that there was no fund created by the services of the attorney nor was there any agreement between counsel and his former client for the payment of services, and, therefore, no basis for the imposition of a lien upon such funds. The Court stated that the relationship of the parties under these circumstances was that of creditor and debtor and that counsel was required to pursue his remedy in the ordinary fashion for collecting debts, namely, in an assumpsit action.

In *Quakertown & Eastern Railroad Co. v. Guarantors' Liability Indemnity Co.,* 206 Pa. 350, 55 A. 1033, an attorney was retained to secure certain bonds wrongfully detained by the defendants. The attorney filed suit in equity and this suit was finally settled. Not being satisfied with the amount of compensation offered him, the attorney refused to mark the case settled of record. The defendants petitioned for leave to deposit the bonds with the prothonotary and asked for an order on the attorney to interplead. The court held that there was no fund created by counsel nor any

agreement to look to that fund for compensation and, therefore, no reason for the court to interfere in any extraordinary manner for counsel's protection.

In the leading case, *Harris's Appeal*, 323 Pa. 124, 186 A. 92, Mrs. Harris retained counsel, a Mr. Jacoby, to represent her in certain condemnation proceedings instituted by the city. It was agreed in writing that counsel fees were to be 10% of the amount, if any, collected from the city. A bank held a mortgage on the condemned property as security for a debt due them by Mrs. Harris. Jacoby represented Mrs. Harris in the viewers' proceedings and an award was made which was less than the amount of the mortgage. After the award became final but before payment by the city, the mortgagee intervened and filed a petition to have the whole award paid to it as lien creditor. Jacoby claimed a charging lien on the fund. The Court found that the fund was created by Jacoby's efforts, that it had been agreed that Jacoby would look to the fund for compensation, that the client was now insolvent, and further that the bank although on notice of the proceedings did not participate therein but was now attempting to take advantage of Jacoby's efforts. The Court concluded that Jacoby had an equitable charging lien upon the fund to the extent of his claim.

In *Turtle Creek Bank & Trust Co. v. Murdock*, 150 Pa. Superior Ct. 277, 28 A. 2d 320, an attorney successfully established his client's claim to certain real estate in an equitable proceeding. A bank had a judgment against the client and revived its judgment so that it became a lien upon the property recovered. The bank issued execution and the proceeds of the sale were less than the amount due on the judgment lien. The sheriff's return showed the amount of the sale was applied to the bank's judgment. The attorney filed exceptions to the return and claimed a lien to the extent of his fee. The Court held that there was a fund cre-

ated by the services of the attorney, and it had been agreed that he was to look to the fund for his compensation and, therefore the fund was subject to the claim of the attorney.

In *Jones et al. v. Pittsburgh*, 157 Pa. Superior Ct. 528, 43 A. 2d 554, an attorney for the plaintiff sought to impose a charging lien upon a fund created in a trespass action against the city for dumping refuse upon the plaintiff's property. The city refused to pay the judgment and proposed to apply the same (set-off) to delinquent taxes due against the property, which taxes amounted to more than the judgment recovered in the trespass action. It was held that, under the circumstances, since the fund was created by the attorney and he was to look to the fund for compensation (contingent fee), the fund should be applied equitably to payment of his claim.

In *Purman Estate*, 358 Pa. 187, 56 A. 2d 86, a decedent devised his entire estate to his daughter and son to the exclusion of his widow. The widow elected to take against the will, and, as a result, friction developed between the widow and daughter. The daughter retained two attorneys, one orally and the other by written agreement. Subsequently, the mother and daughter adjusted their differences and an administration account was filed. Both attorneys presented claims against the share of the distributee-daughter. This Court held, that, under the circumstances and facts of the case, while the attorneys represented the interests of the daughter, those services created no fund, and there was, therefore, no basis to establish a charging lien.

In *Silverstein v. Hornick*, 376 Pa. 536, 103 A. 2d 734, plaintiffs retained certain attorneys on a contingent fee basis. The attorneys after considerable negotiation effected a settlement which resulted in the execution of a deed of trust securing plaintiffs' rights.

Plaintiffs demanded that the trustee pay distributions under the trust to them directly rather than to the attorneys who claimed a charging lien to the extent of their fee. We held that justice and equity dictated that, where the services of an attorney contributed to the creation of a fund and there is an agreement that the fee is to be paid from the fund, the fund should be subject to a charging lien of the attorneys to the extent of their fee.

In *Syme v. Bankers National Life Ins. Co.*, 400 Pa. 74, 161 A. 2d 29, counsel secured an award in an action of assumpsit on an insurance policy. It was agreed that counsel was to be paid out of the proceeds, if any, recovered. Counsel filed a petition to establish a charging lien upon the proceeds of the policy. This Court in affirming the denial of the petition, held, inter alia, that the case was devoid of the factors necessitating recognition of an attorney's charging lien on equitable principles.

A review of these authorities illustrates that before a charging lien will be recognized and applied, it must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien. Applying these principles to the instant case, we find neither reason nor authority to support the action of the court below.

Attorney Nicklas took part in the viewers' proceeding (No. 312 April Term), but he did not participate in the trial on appeal before the Common Pleas Court

and jury (No. 816 January Term). The lower court treated and considered the viewers' proceeding and the trial on appeal as one proceeding and concluded that since the viewers' proceeding was a procedural requirement (statutory) to the right to appeal, the services of Attorney Nicklas played an essential and necessary part in the ultimate disposition of the case, and that his services, even though rendered only in the viewers' proceeding, operated to create the fund secured in the jury trial. In considering and treating the viewers' proceeding and the trial on appeal as one proceeding, the court below fell into error.

The Third Class City Code (Act of June 23, 1931, P. L. 932, §2842, as amended, 53 PS §37842) permits either party to appeal to the court of common pleas and demand a jury trial, if such appeal is filed within thirty days after the report of viewers is filed. This appeal is a de novo proceeding. In such proceeding the case is heard and decided as if it were being tried for the first time. As a result of such an appeal, the determination and award rendered in the viewers' proceeding is extinguished. That proceeding becomes, therefore, merely a part of the history of the case and has neither weight nor bearing upon the merits of the case before the jury. While these proceedings may be related procedurally, they are in all other respects separate and distinct proceedings and are to be so considered and treated.

The only fund available in this case is that fund which was created as a result of the trial (No. 816 January Term). Attorney Nicklas participated in the action at No. 312 April Term but he did not participate in action No. 816 January Term. While his services were valuable to Recht's cause it follows from what we have said that his services did not operate, substantially or primarily, to create the fund upon which he now claims the right to a charging lien. His services were

rendered in No. 312 and not in No. 816, and, therefore, not in the litigation which gave rise to the fund. He has no right to a charging lien as against that fund.

A further examination of the record fails to disclose any indication, averment, or conclusion that there was any agreement between Attorney Nicklas and Recht that counsel would look to the fund for his compensation. The only statement in the record in that regard is the finding and conclusion of the court below that the fee claimed by Attorney Nicklas for his services was just and reasonable. An agreement to look to the fund for compensation is essential to the recognition of a charging lien and this requirement is not satisfied by a finding of the court that the fee or amount claimed is just and reasonable. The record indicates that no such agreement ever existed and this conclusion is buttressed by the fact that Attorney Nicklas submitted a bill to and demanded payment of Recht *prior* to the creation of the fund secured in the jury trial.

Nor are we able to discover in the record any equitable reasons necessitating or justifying the imposition of the charging lien in the present case. It does not appear that Herman Recht is attempting to defraud counsel nor that he is insolvent. There is no adverse or third party attempting to appropriate the fund. Indeed, it does not appear that the right of Attorney Nicklas to collect his fee has been in anywise jeopardized.

Judgment reversed.