## Johnstown Consumer Discount Company v. Hutzler

*Gilbert E. Caroff*, for plaintiff.

*I. Samuel Kaminsky* and *William P. Kelly*, for defendants.

*Robert G. Rose*, p.p., garnishee.

GRIFFITH, P. J., July 2, 1969.—This case arose out of an action in trespass entered to March term, 1968, no. 417, in the Court of Common Pleas of Cambria County, Civil, wherein Paul Hutzler, Jr., one of defendants here, was plaintiff and one William J. Weber was defendant. In that case, Mr. Rose was the attorney for Weber's insurance carrier and Kaminsky and Kelly were the attorneys for Hutzler. This case proceeded through the pretrial conference, was listed on the day-by-day trial list, and was settled for the amount of $1,600 upon the case being called for trial. The insurance company for Weber sent a check in the amount of $1,600 to Mr. Rose which was payable to Paul Hutzler, Jr., and I. Samuel Kaminsky, Esq., his attorney.

Plaintiff in this action, Johnstown Consumer Discount Company, entered judgment in the amount of $1,878.44 against the Hutzlers and issued an execution attaching all property of the Hutzlers in the hands of the garnishee, Mr. Rose. The garnishee was served with a copy of interrogatories and filed an answer revealing the facts outlined above.

The matter came before the court on the stipulation

of all parties that, without further pleadings being filed, the court should dispose of the $1,600 fund in the hands of the garnishee. It was also agreed that the only lien against the Hutzlers is the present judgment of the Johnstown Consumer Discount Company. Three questions have been raised as to how the fund in the hands of the garnishee should be distributed.

1. We are satisfied that the garnishee is entitled to a reasonable counsel fee "out of the property in his . . . hands" under the provisions of the Act of April 22, 1863, P. L. 527, 12 PS §2999. This act was not suspended by Pa. R. C. P. 1251-1279 nor by rule 3231. This Act of Assembly provides that the court shall determine the amount of the reasonable fee which in this case consisted of the preparation and filing of the garnishee's answer to the interrogatories.

A fee of $35 is hereby awarded to the garnishee out of the funds in his hands for distribution.

2. We are satisfied that Kaminsky and Kelly, Esqs., who created the fund for the Hutzlers by bringing the husband's suit against Weber, carrying the suit through the pretrial stage and obtaining a settlement just prior to trial, have a charging lien against the fund in the hands of the garnishee. The fee was agreed upon under a written contingent fee contract in which the attorneys agreed to look to the amount recovered by the suit for payment and which specified a fee of 40 percent of the amount recovered at the stage of the proceedings to which the trespass case progressed: Penn Mutual Life Insurance Company v. Finkel, 428 Pa. 11; Recht v. Clairton Urban Redevelopment Authority, 402 Pa. 599, 608; Silverstein v. Hornick, 376 Pa. 536, 541.

We shall, therefore, award Kaminsky and Kelly, Esqs., 40 percent of the fund obtained through their efforts, or $640.

3. Counsel for the Hutzlers contend that, due to the custom prevailing in this county that the attorney for a plaintiff in a trespass action will pay the doctor and hospital bills before paying his client, the balance of the fund should be awarded to the doctor and hospital bills which would exceed the remainder in the fund after deducting the $35 for the garnishee and the $640 for husband-defendant's counsel fees. With this contention we cannot agree. Quite properly, plaintiff's counsel in trespass actions, after receiving funds from a defendant arising out of a verdict or a settlement, see to it that the doctor and hospital bills are paid before the plaintiffs themselves. However, there was no contract between plaintiff in trespass and the hospital or the physicians awarding them a priority in the disposition of the funds obtained by the trespass action. Their debtor is plaintiff. Nor is there any rule of law which gives them a priority. It is true that the lien of this plaintiff as an attaching creditor is inferior to a valid outstanding charge or lien if "such lien is based on contract or arises by operation of law": 7 C. J. S. 449.

No appellate court cases have been cited to us but two lower court cases are in point. In Packard v. Pittsburgh Railways Company, 87 Pitts. L. J. 219, the Court of Common Pleas of Allegheny County refused to find that a physician's fees for professional services had priority over the claims of attaching creditors in the judgment recovered by plaintiff in a trespass action. Later, the same court in Di Giosic v. George 44 D. & C. 668, found that, in the absence of an attachment or similar proceeding, bills for hospital and medical services necessitated by an accident do not constitute a lien upon a fund recovered by the patient against the wrongdoer causing the accident and that they are not entitled to share in the distribution of the

fund where there are other liens thereon in an amount exceeding the total recovery. As the court said in the Packard case, page 222:

"It is the purpose of the present petition to ask the law to go beyond the present situation and to create a new method by which the doctor may collect his bill and to erect in his behalf and in his favor a special charging lien against the amount returned in the verdict . . . This we believe would be arbitrary action on the part of the Court."

In order to allow a charging lien against the fund in favor of the attorney for a plaintiff in a trespass action, he must comply with all the conditions set forth in the Penn Mutual Life Insurance case, supra, page 17:

" '[B]efore a charging lien will be recognized and applied, it must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than [to] the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.' "

It is clear that in this case the physicians and the hospital whose bills are owed by plaintiff in the trespass action did not agree that they would look to the fund and not to their patient for their compensation. It is also clear that the fees represented by these bills were not incurred in the litigation but were for the therapeutic treatment of the patient. Certainly, the husband, as plaintiff in the trespass action, is still liable to the hospital and the physicians

for the services rendered by them, but we are unable to place these creditors ahead of the attaching plaintiff in respect to the attached fund. Consequently, the balance of the fund in the hands of the garnishee must be awarded to Johnstown Consumer Discount Company, the attaching creditor of Paul Hutzler, Jr., and Cora L. Hutzler.

We, therefore, enter the following

## DECREE

And now, July 2, 1969, it is hereby ordered and decreed that, (1) Robert G. Rose, Esq., the garnishee, retain out of the fund amounting to $1,600 now in his hands the sum of $35; (2) that the sum of $640 be next paid to Kaminsky and Kelly, Esqs., counsel for the Hutzlers in their trespass action against William J. Weber; and (3) that the balance of the fund be awarded to Johnstown Consumer Discount Company, plaintiff in this action.