### In re Callahan Settlement Proceeds

*Marc S. Drier,* for petitioners.
*Richard J. Callahan,* for respondents.

RAUP, *P.J.,* November 8, 1989 — Petitioners Marshall and Drier, attorneys at law, have petitioned for payment into court or into joint escrow

account 33 and one-third percent of the gross personal injury claim proceeds of an action arising from an automobile accident in which Joni Brion and her minor son Kelly Brion were involved on January 23, 1988. We deny the petition for the reasons set forth below.

All parties agree to the following facts: Joni Brion and her minor son Kelly Brion sustained injuries in an automobile accident on January 23, 1988. On or about February 2, 1988, Ms. Brion entered into a contingent fee agreement with the law firm of Marshall and Drier (petitioners). The agreement provided that the petitioners would receive 33 and one-third percent of the gross recovery if the case was settled before trial; 33 and one-third percent of the gross amount recovered if tried; and 33 and one-third percent of the gross amount recovered if the case was appealed beyond the court of common pleas. Petitioners continued to represent the Brions until December 1, 1988, when Ms. Brion advised them that she had retained the law firm of Miele and Callahan to complete the action. She did not, however, indicate that petitioners had breached their contract with her or committed any act of legal malpractice, but only that she preferred Miele and Callahan's services.

Petitioners turned their work product and files over to Miele and Callahan for completion of the contract, but requested the other motorist's insurance carrier to place petitioners' firm name on any settlement check. Petitioners also requested Miele and Callahan and Ms. Brion to notify petitioners of any significant developments in the matter.

Neither the insurance carrier, Ms. Brion, nor Miele and Callahan agreed to these requests. Thereafter, Marshall and Drier filed this petition, claiming that it has a charging lien on the settlement funds

in the hands of Ms. Brion and her son in an amount equal to one-third of the settlement fund created.

Miele and Callahan succeeded in settling the action, and payment of the settlement proceeds is imminent. Petitioners urge that they are entitled to a charging lien against 33 and one-third percent of the gross settlement payments.

Respondents argue that the charging lien is inappropriate as petitioners had been discharged and it was respondents who settled the case. At most, respondents argue that petitioners are entitled to recover for their services on a quantum meruit basis.

An attorney is entitled to a charging lien if:

"(1) there is a fund in court or otherwise applicable for distribution on equitable principles,

"(2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid,

"(3) that it was agreed that counsel look to the fund rather than the client for his compensation,

"(4) that the lien claimed is limited to costs, fees, or other disbursements incurred in the litigation by which the fund was raised, and

"(5) that there are equitable considerations which necessitate the recognition and application of the charging lien." *Recht v. Clairton Urban Development Authority,* 402 Pa. 599, 608, 168 A.2d 134, 139 (1961).

After applying these criteria to the facts in the present case, we find that petitioners are not entitled to a charging lien. Our reasons are nearly identical to those set forth in *Johnson v. Stein,* 254 Pa. Super. 41, 385 A.2d 514 (1978). The case arose from a fee dispute between two attorneys. The plaintiff attorney had represented the plaintiffs in a tort case on a contingent fee basis. At the time he

began his representation, he was an associate in the defendant's firm and had been assigned to work on the case. Prior to settlement, the plaintiff was discharged, but the case remained in defendant's office. Thereafter, the defendant negotiated a settlement. The plaintiff filed a notice of attorney's lien, and the defendant paid the proceeds of the settlement into court. The trial court entered an order striking plaintiff's attorney's lien and plaintiff appealed.

The Superior Court upheld the trial court's decision. After citing the requirements for a charging lien as set forth in *Recht, supra,* it found that the fifth requirement had not been met. The court explained that:

"Requirement (5) focuses attention on the fact that there must be 'considerations which necessitate' imposition of a lien if the attorney whose efforts brought about the existence of a fund is to be paid for his services." *Johnson* at 44, 385 A.2d at 516.

The Superior Court explained that the imposition of a charging lien is based on the court's interest in protecting attorneys as officers of the court and making sure that a client does not "reap the fruits of the settlement without compensating the attorney without whose effort the settlement would not have been obtained." *Id.* Therefore, the court continued, a charging lien will be imposed "where the fund from which the attorney's fee is to come would be depleted by creditors with prior claims, leaving the attorney unpaid and unable to recover against his client . . . Where considerations of protecting the attorney do not necessitate imposition of a lien, the court will not impose one." *Id.*

The court cited several factors to be used in determining whether conditions which necessitate imposition of a lien exist. They are: whether a client

is attempting to defraud counsel; whether the client is insolvent; whether an adverse or third party is attempting to appropriate the fund; and, citing *U.S. v. Fidelity Philadelphia Trust Company*, 459 F.2d 771, 778 (3d Cir. 1972), whether there is anything in the record to indicate that the attorney is or will be precluded from pressing his claim directly against his client. *Johnson* at 45, 385 A.2d at 516.

With respect to the present case, we find that requirements 1, 3, and 4 have been met. Although the fund is not presently in court, settlement proceeds are available to be paid, and are therefore "otherwise applicable for distribution." Under the contingent fee agreement, it was agreed that counsel would receive 33 and one-third percent of the recovery, and it is clear that petitioners' claim is limited to costs, fees and other disbursements.

The parties dispute whether petitioners' services "operated substantially or primarily to secure the fund," as required by the second criterion. Neither party has made clear exactly what services they performed; however, we decline to resolve this issue as we conclude, as did the court in *Johnson, supra,* that requirement 5 has not been met.

Looking at the factors which the *Johnson* court set forth in considering whether protecting the attorney necessitates imposition of a lien, petitioner has not shown that any of those factors exist. We therefore conclude that petitioner is not entitled to a charging lien.

Despite the fact that we find petitioner is not entitled to a lien, we do note that petitioner might well have a valid cause of action in quasi-contract against respondents and for breach of contract against the clients. As the Superior Court said in *Johnson* at 46, 385 A.2d at 517:

"Implicit in what has just been said is the conclusion that there is an appropriate action by which appellant may have his claim against appellee adjudicated. In this regard, we note that the apparent absence of an agreement between the parties does not preclude an action by appellant, for recovery may be sought on a theory of quasi-contract, or contract implied-in-law. . ."

## ORDER

And now, November 8, 1989, for the reasons set forth in the foregoing discussion, it is hereby ordered and directed that the petition of Marshall and Drier for a charging lien is hereby denied.