## Nissen v. Nissen

*A. Richard Gerber,* for Gerber & Gerber.
*John Blumenthal,* for Jacqueline Nissen.
*Lindley M. Cowperthwait,* for J. Peter Nissen III.
*Joseph A. Lashinger,* for Fox, Differ, Callahan, Ulrich & O'Hara.
*Lawrence F. Flick,* for Jacqueline Nissen.

SUBERS, *J.,* March 20, 1991 — This case has a long history in this court beginning with an action for divorce. Without retracing all of the steps, the divorce decree was handed down on December 29, 1987 (Corso, *J.*) and on this same date the adjudication and decree nisi were also handed down. On

March 9, 1988, the decree nisi was entered as the final decree. The matter was appealed to the Superior Court of Pennsylvania which affirmed on November 16, 1989: *Nissen v. Nissen,* mem. op., 570 A.2d 1093 (1989).

During the pendency of the appeal certain funds were placed in restricted account under the control of the attorneys and the court. Following the appellate decision, plaintiff, J. Peter Nissen III, filed a petition for distribution, which was listed for hearing. Prior to the hearing the law firm of Gerber & Gerber, appellants herein, filed a civil action* against Jacqueline P. Nissen for counsel fees alleged to be due. From the pleadings appellants allege that the firm began representing Mrs. Nissen in this divorce action on December 29, 1988. A representation letter setting forth the fees for reviewing the files in the hands of Mrs. Nissen's prior attorney was forwarded. On February 27, 1989, a representation letter was executed by Mrs. Nissen setting forth the financial arrangements between her and the appellant law firm. The complaint also alleges representation of Mrs. Nissen in certain possible criminal matters brought by the Commonwealth of Pennsylvania and also the United States government. Preliminary objections were filed on behalf of Mrs. Nissen.

Appellants, Gerber & Gerber, filed their petition to intervene in the divorce action to assert their claim to an amount of any distribution to Mrs. Nissen in the amount of legal fees claimed in their civil complaint as of 90-19762. The petition to intervene was denied by this court and this appeal followed.

---

* Montgomery County Court of Common Pleas, no. 90-19762, filed November 8, 1990.

## DISCUSSION

Intervention is provided for in Pennsylvania Rule of Civil Procedure 2326 et seq. This rule provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if. . .

"(2) Such person is so situated as to be adversely affected by a distribution or other disposition of the property in custody of the court or an officer thereof; or. . .

"(4) The determination of such action may affect any legally enforceable interest of such persons whether or not he may be bound by a judgment in the action."

As far as number 2 is concerned, the property in question is the money which was held in a restricted account pending the decision of the appeals in this matter. The property simply was the marital residence and a $300,000 bank account at Vanguard Trust Company. The account of $300,000 was funded with the funds of plaintiff, Mr. Nissen, pursuant to an order of June 2, 1989 (Lawrence, *J.*). Appellants, Gerber & Gerber, allege that the bank account was a result of the efforts of their law firm on behalf of Mrs. Nissen and that they have a right to a portion of this in the form of an equitable charging lien against the property for services rendered to Mrs. Nissen. To establish an equitable charging lien for an attorney it must be shown:

"(1) There is a fund in court or otherwise applicable for distribution on equitable principles;

"(2) The services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid;

"(3) It was agreed that counsel look to the fund rather than the client for his compensation;

"(4) The lien claimed is limited to costs, fees and other disbursements incurred in the litigation by which the fund was raised; and

"(5) There are equitable considerations which necessitate the recognition and application of the charging lien." See *Recht v. Clairton Urban Redevelopment Authority,* 402 Pa. 599, 168 A.2d 134 (1961).

Unfortunately appellant does not meet all five requirements for establishing an equitable charging lien. While the fund was created through the order of Judge Lawrence in June 1989, subsequent to appellant's representing Mrs. Nissen, the amount of the fund was determined by the order of Judge Corso of December 29, 1987 at which time appellants were not representing Mrs. Nissen. In addition, and as an equally important finding as the failure of the creation of the fund, counsel did not agree to look to the fund rather than the client for compensation. They have submitted two fee-agreement letters, dated December 29, 1988 and February 27, 1989, which in no way mention the fund (nor could they mention the fund since it was not in existence until some months after that time). In addition, the lien claimed is not limited to the fees or disbursements incurred in the litigation for the divorce action. At least one-half or more of appellant's claim is for services rendered in criminal matters in Montgomery and Berks counties and in the United States Court.

It must be pointed out that appellants have no judgment against Mrs. Nissen for counsel fees claimed to be due and that lawsuit is still pending, preliminary objections having been filed on behalf of defendant. Appellants appear to be no more than general creditors. A general creditor has no standing to any fund of the debtor particularly where the

general creditor has not obtained a judgment. Appellants have no legally enforceable interest within the meaning of Pa.R.C.P. 2237.4 quoted above. They have no judgment on which they could execute since the matter is still in its preliminary stages in their claim for counsel fees against defendant. At this time appellant has an action pending for breach of contract, unjust enrichment and fraudulent misrepresentation, which action is pending in the Court of Common Pleas of Montgomery County, Pennsylvania. Preliminary objections have been filed to that action. That action is a separate matter completely from this divorce action and to permit appellants to intervene in this action and attempt to establish their claim for counsel fees would unduly complicate the matter and delay the matter even further than it has been delayed.

## CONCLUSION

In view of the fact that appellants' petition to intervene is defective in that it does not meet the requirements of Pa.R.C.P. 2237, sections 2 or 4, and also fails to meet the requirements of establishing an attorney's charging lien, this court was correct in denying the petition to intervene and our order should be affirmed.