J-S71016-17

2018 PA Super 45

| | |
|---|---|
| WILLIAM SMITH SR. AND EVERGREEN MANAGEMENT GROUP, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN HEMPHILL AND COMMERCIAL SNOW + ICE, LLC | |
| APPEAL OF BARRY M. ROTHMAN, ESQUIRE | No. 1351 EDA 2017 |

Appeal from the Order entered March 29, 2017
In the Court of Common Pleas of Chester County
Civil Division at No: 2012-04425-CT

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

OPINION BY STABILE, J.:                    **FILED MARCH 01, 2018**

Appellant, Barry M. Rothman, Esquire, appeals from an order of the Chester County Court of Common Pleas directing him to distribute $19,277.76 held in Appellant's escrow account to Evergreen Management Group, Inc. ("Evergreen").  Appellant, who represented Evergreen and William Smith, Sr. ("Smith") in this civil action, argues that he has a valid charging lien of $7,209.79 against the funds held in escrow.  We reverse the trial court's order and remand for disbursement of $4,819.44 to Appellant and $14,458.32 to Evergreen.

Appellant represented Smith and Evergreen in an action against Brian Hemphill and Commercial Snow + Ice, LLC ("Commercial Snow") seeking collection of a business debt.  The dispute first went to compulsory arbitration,

_____

[*] Retired Senior Judge assigned to the Superior Court.

in which the panel entered an award for Smith and Evergreen. Commercial Snow and Hemphill appealed to the trial court, which held a non-jury trial and entered a verdict in favor of Evergreen and against Commercial Snow.[1] Evergreen entered judgment in its favor in the amount of $19,819.54. Evergreen filed *nunc pro tunc* post-trial motions, which the trial court agreed to entertain on the merits but ultimately denied. Smith and Evergreen filed a cross-motion for attorney fees, which the trial court denied.

On December 5, 2014, Commercial Snow appealed to this Court at 3486 EDA 2014 and filed a supersedeas bond with the prothonotary. On December 8, 2014, Smith and Evergreen filed a cross-appeal at 3489 EDA 2014 from the order denying their motion for attorney fees. On July 17, 2015, this Court affirmed its orders in both appeals. Commercial Snow filed a petition for allowance of appeal to the Supreme Court, which the Court denied.

With all appeals exhausted, Evergreen filed a motion in the trial court for release of the supersedeas bond from the prothonotary. On October 12, 2016, the trial court ordered release of the supersedeas bond in an amount not to exceed $21,219.37, the total of the verdict of $16,045.40 plus pre-judgment and post-judgment interest. On November 3, 2016, the prothonotary issued a check in the amount of $19,277.76[2] payable to

---

[1] The trial court's decision stated that Smith and Hemphill were dismissed as parties. Nevertheless, Smith later joined with Evergreen in moving for attorney fees against Commercial Snow.

[2] This appears to be the entire amount of the supersedeas bond that Commercial Snow posted with the prothonotary.

Evergreen and Appellant jointly. The prothonotary sent the check to Evergreen. Smith deposited the check into his account at Keybank without Appellant's endorsement. Appellant notified the prothonotary about this development, and according to the trial court, "[t]he check was returned[,] and the prothonotary reissued the check [in the same amount] and sent it to [Appellant,] who deposited it in his escrow account." Trial Ct. Op., 6/6/17, at 2.

On December 21, 2016, Appellant filed a petition for approval of distribution of escrow funds. Appellant alleged that he had a charging lien for $7,209.79, which consisted of: (1) $4,819.44, representing Appellant's 25% contingent fee with Evergreen in the present case; and (2) $2,390.35 for fees that Evergreen and Smith allegedly owed him for services in four other cases in Chester County and Delaware County.

On December 23, 2016, the trial court issued a rule to show cause directing Smith and Evergreen to answer Appellant's petition. Smith and Evergreen did not file an answer. Nevertheless, on March 29, 2017, the trial court entered an order directing Appellant to distribute the entire check of $19,277.76 to Evergreen.

On April 20, 2017, Appellant filed a notice of appeal. On June 6, 2017, the trial court filed a Pa.R.A.P. 1925(a) opinion[3] recommending that this Court

---

[3] The trial court acknowledged that Appellant did not file a concise statement of matters complained of on appeal because the court failed to docket or sent an order directing Appellant to file this statement.

quash Appellant's appeal because the March 29, 2017 order was not final or otherwise appealable. Trial Ct. Op., at 1. Even if the appeal was timely, the court continued, Appellant failed to allege a valid charging lien because his petition "provided no support for the amount requested and . . . [sought] amounts allegedly due for services provided in four other cases." *Id.* at 3.

Appellant raises the following issues in this appeal:

> I: Is the court's order a final order?
>
> II: Did the court below commit[] an error of law when it assumed that Keybank received its money back from [Evergreen] to justify the court's decision to look no further to look no further (*sic*)?
>
> III: Did the court below commit[] an error of law when it disregarded the admitted facts in [Appellant's] petition and did not grant [Appellant's] fees?
>
> IV: Did the court below commit[] an error of law when it disregarded [Appellant's] retaining and charging liens on escrow funds to satisfy [Appellant's] claim for fees?
>
> V: Did the court below abuse its discretion in denying [Evergreen's] counsel fees based upon his stated animus toward [Appellant?]
>
> VI: Did the court below abuse its discretion in ordering the full release of escrow funds to [Evergreen] who had already received those funds from the court thus making the court's order an approval of a fraud on the court[?]

Appellant's Brief at 5-6.[4] Smith and Evergreen did not file a brief in this Court.

---

[4] Appellant included his second, third and fourth issues twice in his Statement of Questions Involved. We only state them once.

Appellant first argues that his appeal is a timely appeal from a final order. We agree. Pennsylvania Rule of Appellate Procedure 341 provides that a final order is "any order that . . . disposes of all claims and all parties." Pa.R.A.P. 341(b)(1). The order deciding Appellant's petition was final because no other claims or parties remain for disposition. All other issues were decided prior to the cross-appeals at 3486 and 3489 EDA 2016 in December 2014.

We can condense Appellant's other arguments on appeal into a single issue: whether the trial court abused its discretion in denying Appellant's petition for approval of distribution of escrow funds.

Appellant contends that he has a charging lien against the funds of $19,277.76 available for distribution. Equitable principles govern whether a a charging lien is enforceable. **See Molitoris v. Woods**, 618 A.2d 895, 992 n.7 (Pa. Super 1992). Specifically,

> it must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

**Recht v. Urban Development Authority of City of Clairton**, 168 A.2d 134, 138-39 (Pa. 1961).

We review decisions relating to charging liens for abuse of discretion. **See Molitoris**, 618 A.2d at 992. An abuse of discretion "is not merely an

error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Id.* (citation omitted). In this case, the trial court properly exercised its discretion in part and abused it in part.

Appellant sought a charging lien for (1) $4,819.44, Appellant's 25% contingent fee from the $19,277.76 recovered in the present case, and (2) $2,390.35 for fees that Evergreen and Smith allegedly owed him for services in four other cases in Chester County and Delaware County. The trial court properly exercised its discretion to the extent it denied a charging lien for fees and costs incurred in the other cases. As *Recht* teaches, a charging lien cannot extend to fees incurred in cases other than "litigation in which the fund is raised." *Id.*, 168 A.2d at 139.

Conversely, the trial court abused its discretion to the extent it denied a charging lien for Appellant's fee in the present case. The record establishes that Appellant represented Evergreen throughout this case and obtained a judgment for Evergreen against Commercial Snow in the amount of $19,819.54. Further, Commercial Snow posted a bond with the prothonotary, and following Commercial Snow's unsuccessful appeal, the prothonotary issued a check payable jointly to Evergreen and Appellant in the amount of $19,277.76. Appellant placed this check in his escrow account and filed a petition asserting that he had a charging lien of $4,819.44 representing his

25% contingent fee with Evergreen in this case. The trial court issued a rule to show cause instructing Smith and Evergreen to answer Appellant's petition. Smith and Evergreen failed to file an answer, thus rendering all factual averments in the petition subject to admission, including Appellant's averment that he had a 25% contingent fee with Evergreen in this case. *See* Pa.R.Civ.P. 206.7(a) (if answer is not filed to petition following rule to show cause, "all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order").

Under these circumstances, Appellant satisfies the first, second, third and fifth ***Recht*** elements for a charging lien relating to his fee in this case. There exists a fund available for distribution, namely the proceeds of the check from the prothonotary in Appellant's escrow account. Appellant's services in this case gave rise to this fund out of which he seeks payment. Appellant's averment in his petition that he had a 25% "contingent fee" with Evergreen, which Evergreen did not deny, demonstrates that Appellant and Evergreen agreed that Appellant would look to the fund instead of Evergreen for compensation. Lastly, as a matter of equity, Appellant was entitled to receive his fee from the fund, for without his efforts, the fund would never would have been created.

This leaves the fourth ***Recht*** element for consideration. The trial court held that Appellant violated this element by asserting a charging lien for his fee in the present case **and** in four other cases. This was not a proper exercise

of the court's discretion. Although Appellant overstepped his bounds in asserting a charging lien for the other cases, *Recht*, *supra*, it is equally clear that Appellant has a lien against the proceeds for his fee **in this case.** The equitable principles articulated in *Recht* counsel against denial of the entire charging lien when the trial court can easily distinguish between the portion of the lien that has merit and the portion that does not. Instead, the court should enforce the portion of the lien that has merit while denying the portion that does not. Thus, the trial court's refusal to enforce Appellant's charging lien for his fee of $4,819.44 in the present case was an abuse of discretion.

The trial court also denied Appellant's petition on the ground Appellant "provided no support for the amount requested." Trial Ct. Op., at 3. We disagree. The record clearly establishes that Appellant's efforts were instrumental in creating the fund of $19,277.76 in this case. Further, in his petition, Appellant made the unrebutted averment that he was owed a 25% contingent fee of $4,819.44 in this case. There was no reason under these circumstances for the trial court to deny enforcement of Appellant's lien for this fee.

Order reversed. Case remanded with instructions to order disbursement of $4,819.44 to Appellant and $14,458.32 to Evergreen from the check held in escrow by Appellant. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/18