J-A08032-21

2021 PA Super 100

| | | |
|---|---|---|
| VINCE AUSTIN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| THYSSENKRUPP ELEVATOR CORPORATION | : | |
| | : | No. 772 EDA 2020 |
| APPEAL OF: ANDREW J. SCHNEIDER, ESQ. | : | |

Appeal from the Order Entered January 22, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 160700347

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                  **FILED:  MAY 14, 2021**

Appellant, Andrew J. Schneider, Esquire ("Attorney Schneider"), appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his motion for imposition of an attorney's charging lien.  After a careful review, we reverse and remand for proceedings consistent with this decision.

The relevant facts and procedural history are as follows: On February 19, 2016, Vince Austin ("Austin") sustained injuries while he was riding in an elevator, which suddenly and violently dropped.  The elevator was owned and

_____

[*] Former Justice specially assigned to the Superior Court.

maintained by Thyssenkrupp Elevator Corporation ("tkE").[1] On February 29, 2016, Austin retained Attorney Schneider to pursue a personal injury claim against tkE. On that same date, Austin signed a contingency fee agreement confirming that Attorney Schneider's law firm would receive "forty (40%) of any and all sums recovered." Contingency Fee Agreement, dated 2/29/16.

On July 7, 2016, Attorney Schneider filed a civil complaint on behalf of Austin and against tkE. Discovery commenced, and following a dispute resolution proceeding on November 30, 2017, tkE and Austin reached an oral settlement agreement in the amount of $60,000.00 in the underlying personal injury lawsuit.

Accordingly, on December 19, 2017, Attorney Schneider advised the trial court, in advance of a settlement conference scheduled for that day, that Austin and tkE had reached a settlement. In response, the trial court marked the case as settled on the docket and removed the matter from the trial list.

Thereafter, Austin changed his mind regarding the settlement, and on January 11, 2018, Austin informed Attorney Schneider that he did not intend to execute the written release.

---

[1] As discussed *infra*, issues underlying the instant matter were previously presented to this Court. **Austin v. Thyssenkrupp Elevator Corp.**, No. 2080 EDA 2018 (Pa.Super. filed 5/1/19) (unpublished memorandum). Therein, we referred to Thyssenkrupp Elevator Corporation as "tkE," and for the sake of consistency, we shall continue to do so.

On May 4, 2018, tkE filed a motion to enforce the settlement reached between it and Austin. Therein, tkE indicated the "communications and releases exchanged by counsel for the parties confirm that the parties agreed to the material terms of settlement and fully intended to be bound by those terms." TkE's Motion to Enforce Settlement, 5/4/18, at ¶ 10. Moreover, tkE attached exhibits to its motion, including a letter from the dispute resolution service confirming amicable resolution of the case, as well as various emails exchanged between counsel for tkE and Austin regarding the proposed release. In one such email, dated March 22, 2018, Attorney Schneider informed tkE's counsel that Austin "is now balking at the settlement, so he hasn't signed the release. Rest assured that I have no intention of trying to renege on our settlement agreement. The only question for me is if I can convince [Austin] to sign what he previously agreed to." TkE's Motion to Enforce Settlement, 5/4/18, (exhibit). Accordingly, tkE sought judicial intervention to enforce the settlement.

By order entered on June 1, 2018, the trial court granted tkE's motion and enforced the settlement agreement orally reached between tkE and Austin. Further, the trial court directed Austin to execute the written release and tkE to deliver a settlement check thereafter. Austin, however, continued to refuse to execute the written release. Further, on June 29, 2018, Austin discharged Attorney Schneider and his law firm.

Austin retained new counsel, Charles W. Campbell, Esquire, who entered his appearance on behalf of Appellant on July 2, 2018.  On that same date, Attorney Campbell filed on behalf of Austin a timely notice of appeal to this Court from the trial court's June 1, 2018, order.

On appeal, this Court affirmed the trial court's order granting tkE's motion to enforce the settlement agreement. *See Austin v. Thyssenkrupp Elevator Corp.*, No. 2080 EDA 2018 (Pa.Super. filed 5/1/19) (unpublished memorandum).  Relevantly, we agreed with the trial court that tkE and Austin entered into an oral settlement agreement. *Id.*  Moreover, we found no error in the trial court directing Austin to sign the settlement release so that tkE could release the settlement money.  Austin did not file a petition for allowance of appeal with our Supreme Court.

On August 15, 2019, Attorney Schneider filed a motion to assert an attorney's charging lien.[2]  Therein, Attorney Schneider indicated that, as of the filing of his motion, Austin had not yet complied with the court's order directing him to sign the settlement release.  Also, he relevantly averred the following:

18. Plaintiff Austin has failed to honor the terms of the fee agreement[.]

19. Per the terms of the agreement, the services rendered and costs expended, Vince Austin owes [Attorney Schneider's law

_____

[2] While Austin's appeal in the underlying matter was pending in this Court, Attorney Schneider filed two motions for an attorney's charging lien.  Since an appeal was pending, the trial court denied the first motion without prejudice. Attorney Schneider withdrew the second motion.

- 4 -

firm] $24,000.000 in attorney's fees and costs in the amount of $6,304.01.  ($2,468.75 mediation fee, $2,497.00 elevator expert fee, plus filing fees, deposition transcripts, etc.).

20. The total attorney's charging lien requested totals $30,304.01.

21. Vince Austin has not paid for the legal services rendered by [Attorney Schneider's law firm].

22. Vince Austin has not reimbursed [Attorney Schneider's law firm] for costs expended.

23. [Attorney Schneider] requests the [trial] court impose a lien on the settlement funds payable to Vince Austin in this matter.

Attorney Schneider's Motion, filed 8/15/19, at ¶¶ 18-23.

On October 30, 2019, the Honorable Denis P. Cohen entered an order denying Attorney Schneider's motion, and on November 11, 2019, Attorney Schneider filed a motion for reconsideration.  On November 18, 2019, Judge Cohen vacated the October 30, 2019, order.  On January 22, 2020, Judge Cohen vacated the November 18, 2019, order and denied Attorney Schneider's motion for an attorney's charging lien.[3]

This timely appeal followed. The trial court did not direct Attorney Schneider to file a Rule 1925(b) statement, and consequently, no such

---

[3] For reasons unclear from the record, Attorney Schneider's motion was assigned to two separate trial court judges: Judge Cohen and the Honorable Shelley Robins-New.  Both judges initially entered orders denying Attorney Schneider's motion.  Thereafter, Attorney Schneider filed motions for reconsideration with both judges.  Judge Robins-New vacated her order, and as discussed *supra*, Judge Cohen entered an order on January 22, 2020, denying the motion.

statement was filed. However, on November 6, 2020, the trial court filed a Pa.R.A.P. 1925(a) opinion in support of its order.

On appeal, Attorney Schneider sets forth the following issue in his "Statement of the Questions Involved" (verbatim):

1. Did the Trial Court abuse its discretion in denying Appellant's motion for attorney charging lien?

Attorney Schneider's Brief at 4 (suggested answer omitted).[4]

In the case *sub judice*, Attorney Schneider contends the trial court erred in failing to impose an attorney's charging lien against the funds of $60,000.00, which represents the amount of the oral settlement agreement between tkE and Austin. "Equitable principles govern whether a charging lien is enforceable." **Smith v. Hemphill**, 180 A.3d 773, 776 (Pa.Super. 2018) (citation omitted). Specifically, in its seminal case on the issue, our Supreme Court held that, before a charging lien will be recognized and applied, it must appear:

(1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

---

[4] We note that neither Austin nor tkE filed a brief in the instant matter.

***Recht v. Urban Redevelopment Authority of City of Clairton***, 402 Pa. 599, 168 A.2d 134, 138–39 (1961).  ***See Smith***, ***supra***.

We review decisions relating to charging liens for an abuse of discretion. ***See Molitoris v. Woods***, 618 A.2d 985, 992 (Pa.Super. 1992). An abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Id.*** (citation omitted). With these standards in mind, we examine the five factors set forth *supra* in ***Recht*** to determine whether the trial court abused its discretion in holding Attorney Schneider failed to demonstrate his entitlement to an attorney's charging lien.

With regard to the first ***Recht*** factor, whether there is a fund in court or otherwise applicable for distribution on equitable principles, the trial court held as follows:

> [I]t is unclear to [the trial] court whether [Austin] had executed the release necessary for [tkE] to distribute [Austin's] settlement funds such that an attorney's charging lien could be imposed under [the] first factor.  [Attorney Schneider] fails to demonstrate to [the trial] court that a settlement fund subject to distribution existed such that the [trial] court could impose a charging lien on such fund.  At the time of [Attorney Schneider's] Motion, [Austin] refused to execute the release necessary to finalize settlement and create a settlement fund subject to distribution.  [Austin] indicates in his Answer to [Attorney Schneider's] Motion that he intended to execute the release the week of September 2, 2019.  However, [Attorney Schneider] does not allege any facts in [his] Motion [for an attorneys' charging lien] or subsequent filings demonstrating to the [trial] court that

- 7 -

[Austin] had indeed executed the release and that a settlement fund subject to distribution had been established. [The trial] court cannot grant and impose a charging lien without an established fund subject to distribution upon which to impose the lien. [Attorney Schneider's] Motion was thus properly denied at the time it was decided under the first factor[.]

Trial Court Opinion, filed 11/6/20, at 5-6 (citations omitted).

Attorney Schneider contends the trial court erred in its analysis of the first **Recht** factor. Specifically, he contends that he proved there is a settlement fund of $60,000.00 "otherwise applicable for distribution on equitable principles." Attorney Schneider's Brief at 14-15. Specifically, he asserts that a fund was established upon the oral settlement agreement reached between Austin and tkE (as previously confirmed by this Court). He further notes tkE's willingness to make payment of the settlement proceeds, as well as tkE's efforts to enforce the settlement agreement. Moreover, he notes the trial court marked its own docket to reflect that Austin's personal injury lawsuit had settled. Attorney Schneider avers that the fact the settlement money is still in the possession of tkE, due to Austin's failure to sign the settlement release as court-ordered to do so, does not require a finding that there is no fund for purposes of **Recht's** first factor. We agree with Attorney Schneider's argument.

In **Appeal of Harris**, 323 Pa. 124, 186 A. 92 (1936), our Supreme Court broadened the scope of an attorney's charging lien. Therein, an attorney, after litigation, secured a favorable award in the condemnation proceeding for the owner of the condemned property. After the award was

made, but before it was paid by the city, the holder of a mortgage on the property filed a petition to have the whole award paid to it as lien creditor. Our Supreme Court, however, held that the award, although not yet paid, constituted a fund, which was first subject to the attorney's claim for the reasonable value of his services. **See id.**

Our Supreme Court recognized:

The charging lien, originally, was defined to be the right of an attorney at law to recover compensation for his services from a fund recovered by his aid, and also the right to be protected by the court to the end that such recovery might be effected. Unlike the retaining lien, the charging lien does not depend upon possession, but upon the favor of the court in protecting attorneys, as its own officers, by taking care, *ex oequo et bono,* *[according to the right and good]* that a party should not run away with the fruits of the cause without satisfying the legal demands of the attorney by whose industry those fruits were obtained.

**Appeal of Harris**, **supra**, 186 A. at 95 (italics in original). **See Johnson v. Stein**, 385 A.2d 514 (Pa.Super. 1978). As the appellate courts have indicated, the attorney's charging lien arises out of the equities of the situation. **Id.**

In the case *sub judice*, as this Court previously held in affirming the trial court's order granting tkE's motion to enforce the $60,000.00 settlement, a valid settlement agreement was orally reached between tkE and Austin in the underlying lawsuit. **See Austin**, **supra**. We specifically disagree with the trial court that the fact the settlement proceeds are still in the possession of tkE, and have not yet been paid out due to Austin's failure to sign the release, results in the conclusion there is no "fund." Rather, as the Supreme Court

held in ***Appeal of Harris***, ***supra***, where there is an award or, as in the case *sub judice*, settlement proceeds that have not yet been paid out, a fund exists for purposes of the first ***Recht*** factor.  Simply put, in the case *sub judice*, a "fund," which is in the possession of tkE, exists.

With regard to the second, third, and fourth ***Recht*** factors, the trial court suggested that (assuming there is a fund) there is no dispute that the second, third, and fourth factors were met by Attorney Schneider. With regard to the second ***Recht*** factor, we agree the record reveals the services of Attorney Schneider, who undisputedly represented Austin from the commencement of the underlying personal injury lawsuit until after tkE and Austin reached the oral settlement agreement, operated substantially or primarily to secure the fund out of which he seeks to be paid. ***See Recht***, ***supra***; ***Smith***, ***supra***.

Further, with regard to the third ***Recht*** factor, it is undisputed Austin and Attorney Schneider entered into an express written contingency fee agreement on February 29, 2016, related to the underlying personal injury lawsuit.  The contingency fee agreement specifically provided Austin "agree[s] to pay a legal fee in the amount of forty (40%) of any and all sums recovered." Contingency Fee Agreement, dated 2/29/16.[5]  Therefore, we agree the record

---

[5] The contingency fee agreement also provided specific provisions related to the payment of "out of pocket" costs, expenses, and medical charges from "any and all settlements and/or verdict and/or judgments[.]"  Contingency Fee Agreement, dated 2/29/16.

- 10 -

reveals Attorney Schneider would look to the fund (*i.e.*, the proceeds of the settlement agreement) rather than Austin for his compensation. ***See Recht***, ***supra***; ***Smith***, ***supra***.

Moreover, with regard to the fourth ***Recht*** factor, it is undisputed that, in his motion to assert an attorney's charging lien, Attorney Schneider sought costs, fees, or other disbursements exclusively related to the settlement agreement reached between tkE and Austin. He did not seek fees or costs for any unrelated matters. Therefore, we agree the record reveals the lien claimed by Attorney Schneider is limited to costs, fees, or other disbursements incurred in the litigation by which the fund was raised. ***See Recht***, ***supra***; ***Smith***, ***supra***.

With regard to the fifth ***Recht*** factor, whether there are equitable considerations which necessitate the recognition and application of the charging lien, the trial court held as follows:

> [Attorney Schneider] fails to establish any reason as to why equitable considerations necessitate the imposition of an attorney's charging lien on [Austin's] settlement funds under ***Recht's*** fifth factor. [Attorney Schneider] fails to establish that either (1) [Austin's] settlement fund is subject to depletion by creditors, (2) [Austin] is insolvent, (3) [Austin] is attempting to defraud [Attorney Schneider], or (4) [Attorney Schneider] would be precluded from enforcing the contingency fee agreement against [Austin] directly. [Attorney Schneider] has not sufficiently established that equity demands a lien be placed on [Austin's] settlement funds for satisfaction of [Austin's] contractual obligations to [Attorney Schneider]; while [Attorney Schneider] may have a claim at contract against [Austin] pursuant to the contingency fee agreement, there has been no established urgency to the claim that such a lien is necessary, for there is no suggestion in the record that [Austin] will not be able to pay

- 11 -

[Attorney Schneider] if in response to an appropriate action  a court so orders.

Trial Court Opinion, filed 11/6/20, at 6 (citation, quotation marks, and quotation omitted).

Attorney Schneider contends the trial court erred in its analysis of the fifth *Recht* factor. Specifically, he contends the trial court's analysis improperly and unreasonably limits the "equitable considerations" to four distinct categories without recognizing there are other situations which qualify as "equitable considerations." Moreover, Attorney Schneider avers he demonstrated "equitable considerations which necessitate the recognition and application of the charging lien" as required by *Recht* and its progeny.  We agree with Attorney Schneider's argument.

Initially, we agree with the trial court that potential depletion by creditors, a client's insolvency, a client's attempt to defraud an attorney, and an attorney's inability to enforce a contingency agreement are all valid considerations in determining whether equity necessitates the recognition and application of the charging lien. *See generally Johnson*, *supra*.  However, to the extent the trial court limits the "equitable considerations" inquiry to these four situations, we conclude the trial court erred.

As this Court has recognized:

The imposition of a charging lien is based upon the interest of the courts "in protecting attorneys, as its own officers," and in assuring that a party "not run away with the fruits [of a lawsuit] without satisfying the legal demands of the attorney by whose industry those fruits were obtained."

*Molitoris*, 618 A.2d at 992 (quotations omitted). Thus, in addition to the situations set forth by the trial court *supra*, this Court has considered other situations and found the necessary "equitable considerations" to impose a charging lien. **See Molitoris**, **supra** (holding enforcement of attorney's charging lien must be governed by equitable principles and, since a subrogee insurer has an equitable duty to share in costs of attaining a recovery, it would be inequitable to not permit attorney's charging lien to ensure payment to attorney).

With these precepts in mind, we agree with Attorney Schneider that there are equitable considerations necessitating the recognition and application of an attorney's charging lien in the instant case. Specifically, it is clear from the record that if the attorney's fees are not paid from the settlement agreement proceeds, no compensation will be paid to Attorney Schneider. Austin and tkE reached the oral settlement agreement on November 30, 2017, and on May 1, 2019, this Court expressly held that such an agreement existed. Thereafter, for almost two years, and for reasons unknown, Austin refuses to sign the written release. Meanwhile, Attorney Schneider has not been paid for his efforts, which directly resulted in the settlement agreement. Further, inasmuch as Austin discharged Attorney Schneider after the settlement agreement was reached, Attorney Schneider is no longer the counsel to whom the proceeds will be distributed, in the event Austin signs the written release. Thus, Attorney Schneider is faced with the

prospect of watching Austin "run off with the fruits" of the lawsuit. *Molitoris*, 618 A.2d at 992. Given this *scenario*, we conclude there are "equitable considerations" which necessitate the recognition and application of the charging lien, and the trial court erred in holding otherwise.[6]

In light of the aforementioned, we reverse the trial court's January 22, 2020, order, which denied Attorney Schneider's motion for imposition of an attorney's charging lien against the $60,000.00 settlement proceeds. As indicated *supra*, Attorney Schneider demonstrated his entitlement to a charging lien under the *Recht* factors. Accordingly, we remand for the trial court, upon consideration of the contingency fee agreement between Austin and Attorney Schneider, to determine the appropriate amount of the attorney's charging lien.

Order Reversed; Case Remanded; Jurisdiction Relinquished.

---

[6] In its Rule 1925(a) opinion, the trial court urges this Court to deny Attorney Schneider relief on the basis that "in Philadelphia, fee disputes between counsel and their client(s) as non-adversaries are often best resolved through the Philadelphia Bar Association's Lawyer-Client Fee Dispute Resolution Program." Trial Court Opinion, filed 11/6/20, at 7. While such alternative dispute resolution methods may be available, we conclude this does not preclude Attorney Schneider from seeking an attorney's charging lien as permitted by our Supreme Court. *Recht*, *supra*.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/14/21</u>