# North Mountain Water Supply Company *v.* Troxell, Appellant.

*Equity—Injunction—Preliminary injunction—Final decree—Water company.*

Where a water company files a bill in equity in which it alleges a great scarcity of water, and prays for an injunction to compel the opening of a dam so that the water of a lake might be released into the stream below, to the amount of a number of gallons stated, and the court grants a preliminary injunction directing the release of water as prayed for, the court cannot in its final decree, after the emergency requiring the

preliminary injunction had passed away, direct that the injunction shall "stand in force to give similar relief whenever a similar emergency shall arise;" and this is especially so where there is no prayer in the bill for such a decree.

Argued April 10, 1911.  Appeal, No. 276, Jan. T., 1910, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1908, No. 22, on bill in equity in case of North Mountain Water Supply Company v. E. R. Troxell et al.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* among others was the final decree of the court, quoted in the opinion of the Supreme Court.

*J. B. Woodward* and *W. S. McLean,* for appellants.

*Paul Bedford* and *George R. Bedford,* with them *Henry W. Palmer,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1911:

We think the learned court erred in entering a final decree that "the (preliminary) injunction should stand in force to give similar relief whenever a similar emergency shall arise."  There was no prayer in the bill for such relief and the emergency, the only ground for issuing the preliminary injunction, having passed, the bill should have been dismissed.

The plaintiff filed the bill on September 19, 1908, averring, inter alia, that by reason of the extraordinary, prolonged and unprecedented drouth, extending over a period of some three months, the streams tributary to Harvey's Lake had practically dried up, and unless plaintiff company could immediately make use of the waters of Harvey's Lake, substantially equivalent to the outflow

NO. MOUNTAIN W. S. CO. *v.* TROXELL, Appellant. 157

1911.]                    Opinion of the Court.

when the dam was closed on June 12, its consumers in and about the borough of Nanticoke would within five days be without water, "and there is no other way by which the lack could be supplied." The bill prayed that, owing to the exigencies of the case, an injunction might issue, commanding the defendants to open, or permit to be opened, the gates of the dam at the outlet of Harvey's Lake to allow the outflow of water from said lake equivalent to 3,000,000 gallons each day, and that the defendants be enjoined from preventing the outflow of that quantity of water from the lake. A preliminary injunction was issued as prayed for. The effect of the injunction, as stated in the opinion of the learned judge, was "simply to permit the flow from the lake into the creek, of water now held back by the dam, which without the dam would long ago have gone down the creek to be used or wasted." The court further said in its opinion in continuing the preliminary injunction that "we decide the matter at the present stage largely upon the public interest involved, and expressly upon the understanding that the private right to claim damages shall not be prejudiced;" and the decree continuing the injunction directing the release of 3,000,000 gallons of water provided that "the release of water shall be permitted only for such time and to such extent as the present emergency and scarcity of water continues, subject to termination sooner upon application and cause shown at any time." The final decree entered October 6, 1909, was as follows: "That the preliminary injunction was properly granted on September 19, 1908, and continued on September 28, 1909, upon the conditions then prescribed, and in view of the emergency then existing; and while such emergency has now passed away, the injunction will stand in force to give similar relief whenever a similar emergency shall arise; each party to pay just the costs which they have respectively incurred."

The correctness of the decree awarding the preliminary injunction is not now before us and need not be determined. It was presented for our consideration in North

Mountain Water Supply Company v. Troxell, 223 Pa. 315, and, for the reasons stated in the opinion, the decree was affirmed. The merits of the case were not considered. The final decree proper is therefore that "the injunction will stand in force to give similar relief whenever a similar emergency shall arise, each party to pay just the cost which they have respectively incurred." This decree is manifestly erroneous. The prayer of the bill was granted and the decree continuing the injunction provided that "the release of water shall be permitted only for such time and to such extent as the present emergency and scarcity of water continues." The defendants having opened the gates of the dam and the avowed purpose of the injunction having been accomplished by permitting "the flow from the lake into the creek, of water now held back by the dam, which without the dam would long ago have gone down the creek to be used or wasted," and the emergency and scarcity of water. assigned as the reason for granting the preliminary injunction having passed, it is apparent that the final decree should not have continued the injunction. We did not pass on the merits of the preliminary injunction when the case was here before, and if "a similar emergency shall arise" hereafter and plaintiff again attempts to procure an injunction for a like purpose, this record should not deprive the defendants of an opportunity to have the rights of the parties judicially determined. The trial judge concedes that in continuing the preliminary injunction he decided the matter "largely upon the public interest involved, and expressly upon the understanding that the private right to claim damages shall not be prejudiced." It appearing that at the date of the final decree there was no occasion for issuing or continuing the injunction as prayed for in the bill, the decree was erroneous, and, therefore, in entering the final decree there was no necessity for determining the rights of the parties to the waters of the lake and creek or the right of the defendants to. maintain the dam. The decision of those questions may

well await an occasion when their judicial ascertainment in an appropriate action is required to determine the issue between the parties.

The decree is reversed and the injunction is dissolved, each party to pay the costs which they respectively incurred in the court below, and the appellee to pay the costs of this appeal.