SHENANGO SYSTEMS SOLUTIONS, INC., Appellee

v.

MICROS–SYSTEMS, INC., a Maryland Corporation, Appellant

v.

Jones, Gregg, Creehan & Gerace, LLP, Richard G. Lewis, Esquire, Richard B. Sandow, Esquire, John P. Davis, III, Esquire, Gregory L. Klink, Esquire, Ronald E. Reitz, Esquire, Daniel M. Taylor, Jr., Esquire, and David M. Huntley, Esquire.

Superior Court of Pennsylvania.

Argued June 15, 2005.

Filed Nov. 1, 2005.

Reargument Denied Jan. 3, 2006.

Thomas J. Farnan, Pittsburgh, for appellant.

John P. Corcoran, Jr., Pittsburgh, for appellees.

Before: DEL SOLE, P.J., TODD and PANELLA, JJ.

DEL SOLE, P.J.:

¶ 1 This is an appeal from a trial court order issued following a remand from this Court in a matter which concerns the enforcement of a charging lien and a party's right to set-off. We reverse.

¶ 2 A prior panel of this Court reviewed the factual history of this case:

In terms of background information, Micros [Appellant–Micros–Systems, Inc.] obtained a judgment against Shenango [Shenango Systems Solutions, Inc.] in the amount of $331,006.77 plus interest in the U.S. District Court for the District of Maryland. *Micros Systems, Inc. v. Shenango Systems Solu-*

*tions Inc.,* Civil No. CCB–01–228. That judgment was filed in Allegheny County on April 15, 2002 and indexed in the form of a Praecipe to Index Foreign Judgment (G.D. 02–007451). On April 26, 2002, Shenango obtained an award against Micros in a Maryland arbitration proceeding in the total amount of $198,677.31, plus interest. *Shenango Systems Solutions v. Micros Systems, Inc.,* No. 16–117–00193–00. Shenango was awarded damages in the amount of $105,609.13 and attorney's fees and costs in the amount of $82,456.30. Attorney's fees and costs were awarded pursuant to paragraph 20 of the parties' Dealership Agreement Jones, Gregg, Creehan & Gerace (Jones Gregg) represented Shenango in the arbitration proceeding.

On June 7, 2002, Shenango and Jones Gregg filed a complaint in the Court of Common Pleas of Allegheny County against Micros. At Count I of the complaint Shenango alleged a breach of contract claim. At Count II, Jones Gregg made a claim for attorney's fees under the Dealership Agreement and arbitration award. On July 19, 2002, Micros filed preliminary objections claiming that any action for breach of the Dealership Agreement was required to be prosecuted in Maryland. In response to the preliminary objections, the trial court entered an Order on September 4, 2002 striking the complaint and directing Shenango and Jones Gregg to file a petition to enforce arbitration. The Order further directed Micros to file an answer to the petition within ten days of receipt of the petition. The trial court further scheduled a rule returnable on the petition on October 2, 2002 and dismissed all preliminary objections.

On September 6, 2002, Shenango filed a petition to enforce arbitration award. Thereafter, on September 13, 2002, Jones Gregg filed a petition to intervene and obtain enforcement of charging lien. In support of its claim, it attached a copy of Shenango's consent to place a charging lien on the judgment for attorney's fees. Additionally, Jones Gregg served a notice of claim of charging lien on Shenango and Micros. On September 16, 2002, Micros filed an answer to the petition to enforce arbitration award, new matter and counterclaim. Micros denied that Shenango was entitled to any damages and instead contended that it satisfied all obligations owed to Shenango under the arbitration award by way of set-off.

. . .

On October 2, 2002, the trial court entered two orders. The first order confirmed the arbitration award pursuant to 42 Pa.C.S.A. § 7342(b). Judgment was entered against Micros in the amount of $82,456.30, subject to an attorney's charging lien. The second order granted the petition to intervene and obtain enforcement of charging lien. The trial court valued the services rendered by Jones Gregg at $82,456.30 and determined that an attorney's charging lien had priority over the Maryland judgment between Micros and Shenango and was not subject to set-off.

*Micros Systems, Inc. v. Shenango Systems Solutions Inc.,* No.1964 WDA 2002 (Pa.Super. filed March 9, 2004) (unpublished memorandum at 2–5) (footnotes omitted).

¶ 3 On appeal, a panel of this Court sought to review the trial court's ruling. It noted that the trial court's determination was based on a finding that Micros lacked standing to object to the imposition of a charging lien, despite the fact that issue of standing was not raised by the parties and not litigated. The panel ultimately ruled:

[W]e find a remand is necessary to fully litigate the issue of whether Micros has standing in this matter. If the trial court determines upon remand that Micros has standing, the trial court must then consider whether the five requirements set forth under *Recht* [*Recht v. Urban Redevelopment Authority,* 402 Pa. 599, 168 A.2d 134 (1961)] have been met including whether there are equitable considerations which necessitate the application of the charging lien.

*Id.* at 8.

¶ 4 On remand after the receipt of testimony and argument during a hearing on the matter, the trial court issued an order, reaffirming its earlier order. Although the trial court concluded upon review that Micros had standing, it found that the five requirements for the imposition of a charging lien set forth in *Recht* had been met, and that Jones Gregg had a valid charging lien, in the amount of $82,456.30, which was superior to Micros' right of set-off.

¶ 5 In this appeal from the trial court's ruling Micros challenges the trial court's ultimate decision and the trial court's rulings regarding the receipt of evidence and the conduct of the hearing in the matter. Because we determine that Micros has a right to set-off and is not responsible for paying Jones Gregg the amount of attorney fees awarded to its client Shenango, we reverse the trial court's ruling without discussion of the remaining issues.

¶ 6 In *Recht* our Supreme Court set forth the five conditions which must be met before a charging lien will be recognized and applied:

[I]t must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

*Recht v. Urban Redevelopment Authority,* 402 Pa. 599, 168 A.2d 134, 138–39 (1961). The trial court found each of these conditions met in this case. It ruled that Jones Gregg's efforts created a fund, and equity requires that it be paid.

¶ 7 While equity recognizes the validity of an attorney's charging lien to collect fees on a fund secured by the attorney's efforts of behalf of a client, the principles of equity also allow for a set-off under the inherent powers of the courts in the administration of justice. *Kisthardt v. Betts,* 321 Pa. 270, 183 A. 923 (1936) (quoting *Leitz v. Hohman,* 207 Pa. 289, 56 A. 868 (1904)). Thus, an "attorney's charging lien attaches only to a fund in court or otherwise available for distribution." *Almi, Inc. v. Dick Corp.,* 31 Pa.Cmwlth. 26, 375 A.2d 1343, 1350 (1977).

¶ 8 In this instance Jones Gregg performed services which resulted in an arbitration award in favor of its client Shenango against Micros. In accordance with the contract between Micros and Shenango, the arbitration award included an award for attorney fees. However, at the time Shenango filed a petition to enforce the arbitration award in Pennsylvania and Jones Gregg filed its petition to intervene and obtain enforcement of a charging lien, Micros had already filed its judgment against Shenango in Pennsylvania in an amount in excess of the arbitration award. Under these circumstances there was no fund available for distribution.

¶ 9 In *Jones v. Pittsburgh*, 157 Pa.Super. 528, 43 A.2d 554 (1945), property owners were awarded damages in an action against the city for the dumping of refuse on their property. The property owners owed delinquent taxes to the city, and the city proposed to apply the claim to the delinquent taxes. The property owners' attorney, however, filed a petition seeking payment of his fees prior to the application of any delinquent taxes to the damage award. While the law allowed a political subdivision to petition the court to seek a rule to show cause why delinquent taxes should not be set-off against a claim or judgment which a person had against the political subdivision, the city failed to petition for a rule to show cause, and made no demand for payment of the delinquent taxes until after the trial court had ordered that the counsel fees be paid. On appeal, the Superior Court ruled that the attorney could recover his fee because the attorney's lien was created prior in time to the city's right of set-off. The Court cited to a prior decision which stated:

> A court will endeavor to protect attorneys who claim fees from a fund created largely, if not entirely, by their efforts if it is within its grasp and the payment thereof does not unduly interfere with established procedure or the rights of the third party.

*Id.* at 556 (citing *Turtle Creek Bank & Trust Co. v. Murdock*, 150 Pa.Super. 277, 28 A.2d 320, 322 (1942)).

¶ 10 Micros, as a third party, had a judgment against Shenango entered in Pennsylvania before any arbitration award was even made. Micros' duly recorded judgment had priority over Jones Gregg's claim for attorney fees. After application of the appropriate set-off there was no fund left available for distribution to Jones Gregg.

¶ 11 By virtue of our ruling we need not examine the question of whether, despite the trial court's findings, a charging lien can arise where the underlying arbitration award was based on a contract which directed that the party against whom the arbitrator ruled pay all fees, costs and expenses, including attorney fees, which were incurred in connection with the arbitration proceeding. We note that in this case the arbitrator's decision referred to the award of attorney fees as being based on a submission of fees and costs, and a determination that the amount submitted was reasonable. *See* Reasoned Award of Arbitrator, 4/9/02 at 11, fn. 7. Accordingly it can be questioned how a charging lien can exist where the requirement of *Recht* which directs that it be agreed that counsel will look to a fund rather than the client for compensation, as in a contingency fee situation, does not appear to have been met. *See Recht*, 168 A.2d at 138–39.

¶ 12 Order reversed. Jurisdiction relinquished.