J-A27017-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ROBERT P. RIZZARDI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDAL E. SPICER | : | |
| | : | |
| Appellant | | No. 309 WDA 2017 |

Appeal from the Order November 30, 2016
In the Court of Common Pleas of Warren County Civil Division at No(s):
No. A.D. 672 of 2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED DECEMBER 08, 2017

Randal E. Spicer ("Spicer") appeals from the order that granted his motion for a compulsory nonsuit but allowed Robert P. Rizzardi ("Rizzardi") to access his property by crossing Spicer's property ("the Spicer Farm"). We affirm.

We glean the following facts from the certified record:  In 2003, Rizzardi bought a thirty-seven-and-one-half-acre landlocked parcel in Warren County.  From 2003 to 2011, Rizzardi regularly accessed his property by driving along a tractor path through the Spicer Farm with permission from Spicer's predecessor-in-title and father, Francis Spicer.  In 2011, approximately six months after Spicer's father deeded Spicer the farm in 2010, Spicer withdrew permission for Rizzardi to use the tractor path because his use of the tractor path had damaged it and the Spicer Farm.

Rizzardi filed an action against Spicer, setting forth claims for quiet title, ejectment, and easement by prescription. Rizzardi claimed a right to use the tractor path on two documents: (1) the deed from Francis Spicer to Spicer, which expressly subjects the Spicer Farm to "all presently valid and existing rights of way, easements, restrictions, covenants, leases, servitudes, exceptions, reservations, interest and rights of others, including rights for utility and transmission lines, that appear of record or that are apparent upon inspection of the above described premises." Amended Complaint, 7/15/14, at Exhibit A; and (2) Pine Township Ordinance 2-1961, which gives "landowners adjoining the vacated portion of [Township Road 627] … the right of access over the vacated portion thereof to their respective lands." Id. at Exhibit B. In answering the complaint, Spicer did not dispute that Rizzardi had the right to use a township road abandoned in 1961, but he claimed the tractor path was not the abandoned road. Answer, 9/15/14, at ¶ 9; New Matter, 9/15/15, at ¶¶ 3, 21.

The case proceeded to a two-day bench trial in August 2016. The evidence indicated that two, sometimes co-linear township roads crossed the Spicer Farm. Elk Township opened a road in December 1848 (Green Line Road, Road Docket 2, 408) and vacated a road in March 1849 (Red Line Road, Road Docket 2, page 417). Additionally, the border between Elk and Pine Grove Townships was moved to the east in 1858, thus relocating Rizzardi's parcel from Elk Township to Pine Grove Township. By Ordinance

2-1961, Pine Grove Township vacated the Green Line Road (Road Docket 5, page 85) on January 21, 1961. While Rizzardi's expert opined that the readily apparent tractor path was the Red Line Road, Spicer's expert opined that the tractor path was neither the Green Line Road nor the Red Line Road. According to Spicer, for approximately seven hundred feet beyond his driveway, the tractor path and the abandoned township road were co-linear; thereafter, the Red Line Road continued north to the New York border, and the tractor path continued northeast between the Red Line Road and the Green Line Road.

Relying on the Private Road Act of 1929, 36 Pa.C.S. §§ 2731–2891 ("PRA"), the trial court agreed with Rizzardi that the tractor path was "more likely than not" the Red Line Road. Trial Court Opinion, 10/3/16, at 3. Because the Red Line Road predated the PRA, the trial court did not consider the tractor path a private road subject to use by Rizzardi. Contrarily, because the Green Line Road post-dated the PRA, the trial court considered it a private road and usable by Rizzardi. Rizzardi testified that he would maintain the Green Line Road, and Spicer testified that he would accept the use of the Green Line Road, but stated that he would prefer Rizzardi gain entry to his property from the eastern side. The trial court entered an order granting Rizzardi the right to use the Green Line Road to access his property without requiring access from a specific direction. Order, 10/3/16.

Both parties filed post-trial motions, which the trial court denied on January 17, 2017. Spicer filed the instant appeal, and he, along with the trial court, complied with Pa.R.A.P. 1925.

On appeal, Spicer states the following questions for our consideration:

1. Did the Trial Court err in permitting [Rizzardi] to open a private road when such cause of action was not raised in [Rizzardi's] complaint?

2. Did the Trial Court err in permitting [Rizzardi] to maintain a private road with no showing whatsoever that the private road had as its primary and paramount purpose the benefit of the public rather than the private use of [Rizzardi]?

3. Did the Trial Court err in affording relief under the Private Road Act when none of the prerequisites of opening a private road required by the statute, 36 P.S. § 2732(ff) were required of [Rizzardi]?

Spicer's Brief at 4.

In an appeal from a trial court sitting in equity, our standard of review is rigorous: "A chancellor's findings of fact will not be disturbed absent an abuse of discretion, a capricious disbelief of the evidence, or a lack of evidentiary support on the record for the findings. A chancellor's conclusions of law are subject to stricter scrutiny." Lilly v. Markvan, 763 A.2d 370, 372 (Pa. 2000) (citation omitted). An abuse of discretion occurs when a judgment is "manifestly unreasonable." Id.

Spicer first complains that the trial court granted relief not requested in Rizzardi's complaint. Spicer's Brief at 9. According to Spicer, Rizzardi filed counts for quiet title, adverse possession, and ejectment, seeking

judgment in his favor and possession of the tractor path. However, Spicer continues, the entry of compulsory nonsuit on all three counts resulted in the denial of Rizzardi's requested relief. Id. Thus, Spicer challenges the trial court's grant of relief based on its sua sponte application of the PRA as exceeding the relief requested. Id. at 10–13.

The trial court explained its decision as follows:

> [I]n the context of claims in equity, courts may grant any relief that conforms to the case made by the pleadings, although it is not exactly the relief which has been specifically requested. Makozy v. Makozy, [874 A.2d 1160 (Pa. Super. 2005]. The only limitation is that the relief granted must be responsive to the general nature of the relief requested by [Rizzardi]. Id. Stated differently, a court may grant any relief that is consistent with the theory and purpose of the action. Lower Frederick Twp. [v]. Clemmer, 518 Pa. 313, 543 A.2d 502 (1988). Also, a court may grant broader relief than that specifically requested, so long as that relief is consistent with the case pleaded and proven. Karpienak v. Lowe, 2000 Pa.Super. 51.
>
> In the case sub judice, the general nature of the relief sought by [Rizzardi] was that [Rizzardi] required a means of accessing his landlocked property. The [trial c]ourt granted such relief to [Rizzardi] by opening a private road that allowed [Rizzardi] to access his property. Although the private road opened by the [trial c]ourt was not in all respects the road that [Rizzardi] wanted as it was not the tractor path he had previously used, the road opened by the [trial c]ourt was consistent with [Rizzardi's] claim and his goals. As such, and in light of the case law cited above, the [trial c]ourt did not err by granting relief that was not specifically requested.

Trial Court Rule 1925(a) Opinion, 5/10/17, at 1–2.

Our Supreme Court held in Lower Frederick Twp. that "[a] prayer for general relief is as broad as the equitable powers of the court. Under such a prayer a chancellor in equity may grant any relief that is consistent

with the theory and purpose of the action." Lower Frederick Twp., 543 A.2d at 512; see also William Penn School Dist. V. Pennsylvania Dept. of Education, 170 A.3d 414 (Pa. 2017) (quoting Lower Frederick Twp.). However, "while a chancellor in equity may fashion a remedy that is narrower than the relief requested, he or she may not grant relief that exceeds the relief requested." North Mountain Water Supply Co. v. Troxell, 81 A. 157 (Pa. 1911)).

Here, the theory and purpose of Rizzardi's action were to continue access to his landlocked property based on the Spicer Farm deed and Pine Township Ordinance 2-1961. The trial court accomplished the purpose of continued access to Rizzardi's property by applying the PRA.

However, upon review, we conclude that the trial court erred in applying the PRA as the basis for equitable relief. The PRA authorizes a landowner to petition for the use of, or the creation of, a private road across another's land to access his property. In re Opening Private Road for Benefit of O'Reilly, 5 A.3d 246, 284 (Pa. 2010). As the trial court acknowledged, though, Rizzardi "did not come before the [trial c]ourt as a petitioner under the PRA." Trial Court Rule 1925(a) Opinion, 5/10/17, at 3. Thus, the trial court granted relief on a theory that was neither pled nor proven. Consequently, Spicer had neither notice nor opportunity to defend against a PRA-based grant of relief. Moreover, this case does not involve a

taking of private property, and neither Rizzardi nor the trial court complied with the requirements for proceeding under the PRA.

Nevertheless, although we agree with Spicer that the trial court erred in applying the PRA, we exercise our authority to affirm the trial court's award of relief on a different basis. See Wakeley v. M.J. Brunner, Inc., 147 A.3d 1, 5 (Pa. Super. 2016), appeal denied, 145 A.3d 728 (Pa. 2016) ("[I]t is well settled that if the court's decision is correct, we may affirm on any ground."). Spicer challenged the trial court's application of the PRA as the basis for granting Rizzardi relief; he did not challenge the grant of relief itself, i.e., allowing Rizzardi to access his property by crossing the Spicer Farm. Indeed, when asked by the trial judge if Rizzardi could "build a green road" through "the lower quadrant of" the Spicer Farm to reach his property, Spicer responded: "If he wants to foot that expenses" and "[a]s long as he follows all the USDA and EPA rules." N.T. Vol. 2, 8/11/16, at 378.[1]

Spicer's first claim of error does not warrant relief. Furthermore, given our holding that the trial court erred in applying the PRA to the case at hand, we need not address Spicer's second and third issues.[2]

_____

[1] We express our appreciation to the court stenographer who incorporated the trial exhibits within the notes of testimony, thus making our review more efficient.

[2] In his second issue, Spicer challenges the trial court's application of the PRA because Rizzardi failed to establish that the public was the primary and paramount beneficiary of his crossing the Spicer Farm. Spicer's Brief at 14–
(Footnote Continued Next Page)

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: __12/8/2017__

(Footnote Continued) ————————————

17 (citing In re Opening Private Road for Benefit of O'Reilly, 5 A.3d 246 (Pa. 2010), which held that the opening of a private road must have a public purpose, which exists where the public is the "primary and paramount beneficiary of the taking").  In his third issue, Spicer challenges the trial court's application of the PRA because Rizzardi and the trial court failed to comply with the PRA's specific statutory provisions.  Id. at 18–20.