J-S32020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOYCE JACKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHEFA INVESTMENTS, LLC, ET AL | : | No. 3302 EDA 2018 |

Appeal from the Order Entered October 5, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 120400973

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 05, 2019**

Appellant Joyce Jackson appeals from the order granting Appellee Shefa Investments, LLC's motion for reconsideration, requiring a set-off of judgments, and marking the judgment entered in the above captioned case as satisfied.  Appellant contends that the trial court erred in concluding that Appellant's counsel did not have an interest in the judgment in this case.  We vacate and remand for further proceedings.

The trial court opinion set forth the underlying procedural history of this appeal as follows:

> The instant matter stems from two underlying cases between [Appellant] and [Appellee].  Appellant was a tenant of Appellee and on April 9, 2012, Appellant filed a complaint [at No. 120400973] in the Philadelphia Court of Common Pleas against Appellee alleging personal injuries from a slip and fall incident on Appellee's property.  [Appellant was represented by David Sherman, Esq.]  On August 27, 2013, an arbitrators' award was entered against Appellee and in favor of Appellant for $18,337.49

[(the 2013 judgment)]. Then on November 26, 2014, Appellee filed suit against Appellant in Philadelphia Municipal Court for money owed from unpaid rent.[fn1] On January 13, 2015, a default judgment was entered against Appellant and in favor of Appellee for $22,681.49[ (the 2015 judgment)].[1]

[fn1] Docket no. LT-14-11-26-5674.

Trial Ct. Op., 2/6/19, at 1-2.

On June 27, 2018, Appellee filed a motion for set-off, requesting that Appellant and Appellee's 2013 and 2015 judgments be equitably resolved against each other. Appellee explained that "[h]aving the debt lien against [it from the 2013 judgment] has provided a cloud to the title of [its] properties," and Appellee sought the set-off as "satisfaction of the judgment against [it, which would leave it] with a remaining judgment against [Appellant] of $3,720.12, notwithstanding interest and costs." Mot. for Set-Off, 6/27/18, at 2 (unpaginated).

On July 17, 2018, Lionel Artom-Ginzburg, Esq., entered his appearance as co-counsel on behalf of Appellant.[2] That same day, Appellant filed a response to Appellee's motion and memorandum of law. Appellant noted, in relevant part, that the 2013 judgment "will expire without a Writ of Revival in 40 days, as of this writing." Resp. to Mot. for Set-Off, 7/17/18, at 1 (unpaginated). However, Appellant asserted:

---

[1] Appellant subsequently filed a *pro se* petition to open the judgment, which the trial court denied on February 14, 2018. Mem. of Law, 7/17/18, at 1 (unpaginated).

[2] Attorney Artom-Ginzburg and Attorney Sherman are both counsel of record on the Court of Common Pleas and Superior Court's dockets.

- 2 -

2. The set-off is improper in that Counsel's earned fees are not protected by [Appellee's] proposal.

Pursuant to the litigation against [Appellee], [Appellant's] counsel was supposed to receive a contingent fee upon the [2013] judgment . . . . To offset the judgments would be to take money away from [Appellant's] counsel as a result of a matter that did not involve [Appellant's] counsel's representation, and directly as a result of [Appellee's] refusal to pay the earlier judgment.

Mem. of Law, 7/17/18, at 3 (unpaginated). Appellant did not attach a copy of a contingency fee agreement to her response.

On August 9, 2018, the trial court denied Appellee's motion for set-off. The trial court reasoned that "granting the motion would deprive [Appellant's] attorneys of their right to collect a contingent fee on the judgment entered in this case[.]" Order, 8/9/18.

On September 10, 2018, Appellee filed a motion for reconsideration. Appellee initially argued that its motion for set-off "was not intended to deprive [Attorney Sherman] of fees." Mot. for Recons., 9/10/18, at 1 (unpaginated). Appellee stated that it did not have specific knowledge of Appellant's fee arrangement with Attorney Sherman, but the fees could "be included in the set-off calculations." *Id.*

In the alternative, Appellee claimed that "in the more than five years from the entry of [the 2013] judgment in favor of [Appellant], counsel for [Appellant] has not attempted to collect the arbitration award, other than the entry of a final judgment and bill of costs just after the award became final." *Id.* at 2. Appellee argued that "the judgment lien against [Appellee] has now

expired, having not been revived within five years of entry." *Id.* Appellee concluded that "the equitable interest and/or charging lien on behalf of counsel has also dissipated."[3] *Id.*

The trial court granted Appellee's motion for reconsideration on October 5, 2018, ordering that the judgments be set-off. The trial court's order also indicated that "the [2013] judgment against [Appellee] is satisfied." Order, 10/5/18.

Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a responsive opinion. The trial court concluded that Attorney Sherman did not have an interest in the 2013 judgment because (1) Appellant did not make a good faith effort to collect the 2013 judgment or file a writ of revival following the expiration of the judgment; (2) Appellant did not provide evidence of a contingent fee agreement for Attorney Sherman; and (3) Appellant did not provide evidence in furtherance of the equitable considerations arising from the Municipal Court matter.

Appellant now raises three questions for our review:

[1]. Did the [t]rial [c]ourt commit an error of law in holding that [Appellant's] judgment would expire [at] the end of five years, no Writ of Revival having been filed?

---

[3] Appellee did not cite to any authority to support its specific assertion that an attorney's charging lien dissipates upon expiration of a judgment lien. *See* Mot. for Recons. at 2 (unpaginated).

[2]. Did the [t]rial [c]ourt err in granting a complete set-off of the judgments where David B. Sherman, Esquire held an equitable interest in his fee for the original judgment?

[3]. Do the equities favor Appellant, who had previously defended an attempt to set-off this judgment for almost three years in the Philadelphia Municipal Court before the Motion was withdrawn?

Appellant's Brief at 2. In all three of her issues, Appellant claims that the trial court erred in requiring a set-off without adequately protecting Attorney Sherman's interest in the 2013 judgment.

At the outset, we note that "[o]ne judgment may be set-off against another, through the equitable powers of the court[.]" *Fidelity Bank v. Act of America, Inc.*, 392 A.2d 784, 785 (Pa. Super. 1978). "We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident." *Gondek v. Bio-Medical Applications of Pennsylvania, Inc.*, 919 A.2d 283, 286 (Pa. Super. 2007) (citation omitted). "A trial court abuses its discretion if it renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or [i]ll-will." *Id.* (citation and quotation marks omitted). "Similarly, the standard of review of a motion for reconsideration is limited to whether the trial court manifestly abused its discretion . . . ." *Dahl v. AmeriQuest Mortg. Co.*, 954 A.2d 588, 593 (Pa. Super. 2008) (citation omitted).

However, "[t]he right of an attorney to secure an equitable charging lien upon a fund has been frequently recognized by the appellate courts of the

Commonwealth." ***Recht v. Urban Redevelopment Auth.***, 168 A.2d 134, 136 (Pa. 1961).

> In ***Recht*** our Supreme Court set forth the five conditions which must be met before a charging lien will be recognized and applied:
>
>> [I]t must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

***Shenango Sys. Sols., Inc. v. Micros-Systems, Inc.***, 887 A.2d 772, 774 (Pa. Super. 2005) (citation omitted).

"While equity recognizes the validity of an attorney's charging lien to collect fees on a fund secured by the attorney's efforts [on] behalf of a client, the principles of equity also allow for a set-off under the inherent powers of the courts in the administration of justice." ***Id.*** (citations omitted). The following considerations apply to a court's consideration of a request for a set-off:

> Set-off is a form of payment. The right to set-off one judgment against another is, more properly, the right to pay and satisfy one judgment by another. Since a judgment creditor cannot levy on a judgment against himself, set-off is the appropriate remedy and a motion to obtain a set-off is tantamount to a levy. Similar to a levy, a motion to set-off is the initial step in obtaining satisfaction of a judgment. A judgment to be paid in whole or in part by set-off is tantamount to a fund paid into court for distribution.

***Proie Bros., Inc. v. Proie***, 323 F. Supp. 503, 508 (W.D. Pa. 1971) (citation

omitted).[4]

The ***Proie*** Court further analyzed an attorney's right to payment from a

judgment that is the subject of a motion for set-off:

> [A]s pointed out in ***Recht***, an attorney does have a charging lien where there is a fund in court or otherwise applicable for distribution on equitable principles.
>
> As stated, we think a judgment procured by an attorney who must look to the payment of that judgment for his compensation nay [sic] be equated to a fund produced by his legal efforts when a set-off is attempted by the defendant in the judgment. Both the judgment and the fund are in the grasp of a court of equity; both should be distributed according to equitable principles. A court of equity is competent to dispose of every question connected with the judgments to be paid by set-off. The allowance of counsel fees has always been under the control of the chancellor in equity.
>
> \* \* \*
>
> In ***Turtle Creek Bk. & Tr. Co. v. Murdock***, . . . 28 A.2d 320 [(Pa. Super. 1942)], Judge Baldridge cited with seeming approval the statement in 7 C.J.S. Attorney & Client 228:
>
>> The judgment, which has been procured by the efforts of an attorney while acting on behalf of his client, is, primarily, the subject matter of a charging lien in favor of such attorney.
>
> We believe this quotation to be good law in Pennsylvania when a fund has been created, or, as here, a motion is made to pay the judgment so procured by way of set-off.

---

[4] Although "federal court decisions do not control the determinations of the Superior Court," we may rely on them to the extent we find them persuasive. ***See NASDAQ OMX PHLX, Inc. v. PennMont Secs.***, 52 A.3d 296, 303 (Pa. Super. 2012) (citation omitted).

It would be an injustice to turn over the fees for the services rendered by the attorneys for the plaintiffs to the defendant, their opponent, whom they had defeated in a difficult and expensive trial and appeal.

*Id.* at 508-09 (internal quotation marks omitted).

In her first issue, Appellant asserts the trial court erroneously concluded that the 2013 judgment, and by extension Attorney Sherman's interest in that judgment, expired due to Appellant's failure to file a writ of revival. Appellant's Brief at 5. Appellant contends that the failure to file a writ of revival merely signifies "that the judgment lien loses priority in the Judgment Index as to real property." *Id.* at 6. Appellant insists that "[a]s to an execution against personal property, . . . whether as to a garnishment of bank accounts or the judicial sale of personal property, the judgment itself, without any priority, continues for twenty years regardless of its place in the index." *Id.* (citations omitted). Appellant concludes that "the charging lien for Mr. Sherman's fees, which were contingency fees and thus embedded in the original judgment . . . did not expire without a writ of revival." *Id.*

By way of background:

Judgment liens are a product of centuries of statutes which authorize a judgment creditor to seize and sell the land of debtors at a judicial sale to satisfy their debts out of the proceeds of the sale. The judgment represents a binding judicial determination of the rights and duties between the parties, and establishes their debtor-creditor relationship for all the world to notice when the judgment is recorded in a Prothonotary's Office. When entered of record, the judgment also operates as a lien upon all real property of the debtor in that county.

The judgment lien represents security for the underlying debt, and conveys a right of execution to the judgment creditor in

- 8 -

satisfaction of his debt. The judgment not only affects all real property owned by the debtor, but extends to his equitable interests, and beneficial interests as well[.]

***In re Upset Sale, Tax Claim Bureau of Berks Cty.***, 479 A.2d 940, 943 (Pa. 1984) (citations omitted).

> **(a) Real property.**—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

42 Pa.C.S. § 4303(a); ***see also*** Pa.R.C.P. 3023(a) (stating that "a judgment[5] when entered in the judgment index shall create a lien on real property located in the county, title to which at the time of entry is recorded in the name of the person against whom the judgment is entered"), (b). A judgment lien "shall continue for five years from the date the judgment was entered in the judgment index unless the judgment is sooner discharged or the lien is sooner revived." Pa.R.C.P. 3023(c); ***see also*** 42 Pa.C.S. § 5526(1) (reiterating that "[a]n action for revival of a judgment lien on real property" must be commenced within five years).

---

[5] "As used in this chapter, 'judgment' means a judgment, order or decree requiring the payment of money entered in any court which is subject to these rules, including a final or interlocutory order for payment of costs, except a judgment against the Commonwealth or a political subdivision." Pa.R.C.P. 3020.

"A judgment lien . . . merely prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, [and] also prevent[s] later lienholders from satisfying their debt without first paying the earlier lien." **Shearer v. Naftzinger**, 747 A.2d 859, 860-61 (Pa. 2000) (citations and quotation marks omitted). "Thus, a writ of revival of a judgment lien does nothing more than preserve the judgment creditor's existing rights and priorities." **Id.** at 861.

Instantly, the trial court concluded:

> In this case, Appellant's initial August 27, 2013 judgment against Appellee expired on August 27, 2018, after the statutory five (5) year period. Since that date, Appellant has not filed a Writ of Revival of the original judgment, thereby rendering the judgment expired until such time as a Writ has been filed.

Trial Ct. Op. at 4.

Contrary to the trial court's assertion, the judgment itself did not expire.[6] Rather, only the judgment lien on real property expired. **See** Pa.R.C.P. 3023(c); 42 Pa.C.S. § 5526(1); **see also** 42 Pa.C.S. § 5529 (explaining that "[a]n execution against personal property must be issued within twenty years after the entry of the judgment upon which the execution is to be issued"). Therefore, we cannot agree with the trial court's determination that Appellant's failure to file a writ of revival or otherwise

_____

[6] We acknowledge that Appellant, in response to Appellee's motion for set-off, initially conceded that the 2013 judgment would expire without the filing of a writ of revival. Resp. to Mot. for Set-Off at 1. However, Appellant did not have an opportunity to correct this error, as the trial court subsequently granted Appellee's motion for reconsideration without the benefit of a response from Appellant.

- 10 -

attempt to collect the judgment caused the 2013 judgment to expire. *See* Trial Ct. Op. at 4. Accordingly, we are constrained to conclude that the trial court erred in granting Appellee's motion for reconsideration on this basis. *See Dahl*, 954 A.2d at 593.

In her second issue, Appellant challenges the trial court's conclusion that she failed to provide evidence of Attorney Sherman's contingent fee agreement. Appellant's Brief at 6. Appellant insists that the parties and the trial court did not request proof of Attorney Sherman's fee agreement beyond the averments contained in Appellant's response to Appellee's motion for set-off. *Id.* Appellant argues that the trial court's reliance on the lack of evidence "extended well beyond what [Appellee] had asked for in the text of its motion for reconsideration," where Appellee acknowledged that Attorney Sherman "had some interest in the 2013 judgment . . . ." *Id.* at 7.

As noted above, Appellant filed a response and memorandum of law in opposition to Appellee's motion for set-off. The memorandum of law, which was submitted by both Attorney Artom-Ginzburg and Attorney Sherman, advanced Appellant's argument that a set-off would be improper unless the parties protected Attorney Sherman's counsel fees.[7] The trial court apparently found Appellant's argument persuasive. Specifically, the trial court originally

---

[7] Appellant's response and memorandum of law did not include a copy of Attorney Sherman's contingent fee agreement. *See* Pa.R.P.C. 1.5(c) (reiterating that contingent fee agreements shall be in writing). However, Appellant did provide a signed verification from Attorney Artom-Ginzburg, indicating that the facts in Appellant's filings were true to the best of his knowledge, information and belief. *See* Verification, 7/17/18.

denied Appellee's motion for set-off "because granting the motion would deprive [Appellant's] attorneys of their right to collect a contingent fee on the judgment entered in this case . . . ."  Order, 8/9/18.

In its motion for reconsideration, Appellee did not challenge the validity of the assertion that Attorney Sherman could have an interest in the judgment.  **See** Mot. for Recons. at 1 (indicating that Appellee's motion for set-off "was not intended to deprive [Attorney Sherman] of fees").  Instead, Appellee asserted that the failure to revive the judgment lien on the 2013 judgment caused Attorney Sherman's interest in the judgment to lapse.

Instantly, the trial court now concludes that set-off was proper because Appellant did not provide evidence of Attorney Sherman's contingent fee agreement.  However, the averments in Appellant's memorandum of law—submitted by Attorney Artom-Ginzburg **and** Attorney Sherman—obligated the trial court to explore the validity of any charging lien or equitable interest that Attorney Sherman held in the 2013 judgment before deciding the matter of a set-off.  **See Recht**, 168 A.2d at 136; **Shenango Sys Sols.**, 887 A.2d at 774; **see also Proie**, 323 F. Supp. at 508.  Because the trial court did not address whether Attorney Sherman had a charging lien under the five-factor test in **Recht**, the decision to set-off the judgments was premature and amounted to an abuse of discretion.  **See Gondek**, 919 A.2d at 286; **Fidelity Bank**, 392 A.2d at 785.

In sum, we vacate the order granting Appellee's motion for reconsideration and requiring a set-off of the judgments.  Upon remand, we

- 12 -

direct the trial court to conduct an evidentiary hearing to determine whether Attorney Sherman possesses a valid charging lien. If Attorney Sherman does not possess a valid charging lien, the trial court may order a set-off of the judgments and mark the 2013 judgment as satisfied. If Attorney Sherman does possess a valid charging lien, the trial court must determine the appropriate counsel fees that the parties must carve out from any further set-off calculations.[8]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/19

---

[8] Due to our disposition, we need not address Appellant's third issue regarding the various equitable considerations. *See* Appellant's Brief at 8-10.