J-A17010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHRYN JEANE PASHUCK, EXECUTRIX UNDER WILL OF NELLI CZAJKOWSKY AKA ANASTASIA NELLIE CZAJKOWSKY, DECEASED | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1142 EDA 2020 |
| ANDRE TYLER, KEVIN RAVENELL, AMIYR A. MUHAMMAD, AND ADAM BEYAH | : : : : : | |
| APPEAL OF: ANTHONY B. QUINN, ESQUIRE | : : : | |

Appeal from the Order Entered February 19, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 181102987

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:                Filed: November 4, 2021

Anthony Quinn, Esquire appeals *pro se* from the order granting Kathryn Jeane Pashuck's motion to strike Quinn's attorney's charging lien ("Lien"). We affirm.

Pashuck obtained Quinn's legal services in connection with a 2018 quiet title action. When Pashuck's aunt died in 2008, she left her residence ("Property") to Pashuck. Pashuck also served as executrix of her aunt's estate but took no action regarding the Property for years and squatters took up residence. Hence, Quinn helped Pashuck initiate actions in ejectment and quiet

---

* Retired Senior Judge assigned to the Superior Court.

title in 2018. Pashuck and Quinn entered into a written arrangement acknowledging that Parcel, LLC would be responsible for all fees and costs related to Quinn's legal services. Pashuck signed an agreement of sale to sell the Property to Parcel, LLC.

On April 30, 2019, default judgment was entered in favor of Pashuck in the quiet title action. Quinn submitted a "Plaintiff's Bill of Costs" to the praecipe to enter judgment, listing his fee as totaling $2,313.89. Parcel, LLC attempted to pay Quinn and requested a bill to do so, but to no avail. On November 20, 2019, Quinn recorded an Attorney's Notice of Charging Lien in the amount of $35,603.61 against Pashuck ("Lien"). The Lien caused a cloud on Pashuck's title to the Property and prevented any sale.

Pashuck filed a motion to strike the Lien on January 18, 2020. After Quinn filed a response, the court granted Pashuck's motion and struck the Lien in a February 19, 2020 order. The instant timely appeal followed and both the trial court and Quinn complied with Pa.R.A.P. 1925.

Pashuck raises the following issues:

1. Did motion court lack subject matter jurisdiction to strike charging lien 9-1/2 months after entry of final judgment?

2. Is the exclusive method to try the charging lien a civil action?

3. Is Attorney who completes multiple actions to quiet title to a sole property entitled to a charging lien?

Quinn's Br. at 4.

In his first and second issues, Quinn argues that the trial court lacked subject matter jurisdiction to consider Pashuck's motion to strike the Lien. He

asserts that the operative final order in this case was the court's April 30, 2019 order entering default judgment in favor of Pashuck in her quiet title action. According to Quinn, the court had 30 days following the April 30, 2019 order in which to strike Quinn's Lien. Quinn therefore posits that because Pashuck did not file her motion to strike until over eight months later in January 2020, the trial court lacked subject matter jurisdiction to consider it pursuant to 42 Pa.C.S. 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry"). Quinn further contends that the trial court did not have jurisdiction to consider Pashuck's motion to strike because, according to Quinn, the only proper course to challenge a charging lien is a separate civil action. Quinn provides only general statutory cites, which do not specifically address charging liens, in support of his argument.

"Whether a court has subject matter jurisdiction presents a question of law, making our standard of review *de novo* and the scope of our review plenary." **Orman v. Mortgage I.T.**, 118 A.3d 403, 406 (Pa.Super. 2015). Here, the trial court found that Quinn's jurisdictional arguments were meritless and we agree. **See** Tr. Ct. Rule 1925(a) Op., 10/9/20, at 4-5. First, Quinn filed the Lien in November 2019, well after the 30 day period following the April 30, 2019 order quieting title. It defies logic to suggest that Pashuck was required to file a motion to strike the Lien prior to Quinn having even filed the Lien in the first place. Moreover, the court properly points out that Pennsylvania courts have reviewed the validity of charging liens without the

initiation of a separate quiet title action and Quinn provides no legal authority for his argument that the only proper method to challenge such liens is through a separate civil action. Accordingly, we conclude that the court correctly determined that Quinn's first two issues warranted no relief.

In his third issue, Quinn argues that the court erred by granting Pashuck's motion to strike the Lien. He contends that the court erroneously found that the Lien failed to meet the five-factor test set forth in **Recht v. Urban Redevelopment Authority**, 168 A.2d 134, 138 (Pa. 1961). To this end, he asserts that the court's conclusion that there is no fund held by the court to satisfy his Lien was incorrect because his Lien should be deemed to attach to the potential sale proceeds of the Property. He notes that his representation agreement with Pashuck indicated that Parcel, LLC was responsible for his fee and Parcel, LLC has signed an agreement of sale to purchase the Property from Pashuck. Hence, according to Quinn, his Lien should be applied against the sale proceeds.

Next Quinn avers that because his services were used to secure title in the quiet title actions, his Lien should attach to the sale proceeds of the Property. Although Quinn concedes that there was no express agreement among the parties, he contends that it was understood that he would get paid from the Parcel, LLC sale proceeds. Quinn also argues that his over $35,000 Lien is justified because he had to conduct two separate probate proceeding to quiet title. Lastly, Quinn maintains that equitable considerations compel the

- 4 -

application of his Lien because Parcel, LLC committed fraud by allegedly conspiring to deny him payment upon the sale of the Property.

Quinn's third issue regarding the Lien relates to the trial court's exercise of its equitable powers. We will not disturb the trial court's decision to grant Pashuck's motion to strike the Lien absent a misapplication of the law or a clear abuse of discretion by the trial court. **Boatin v. Miller**, 955 A.2d 424, 427 (Pa.Super. 2007). An abuse of discretion occurs only when a trial court's determination overrides or misapplies the law, its judgment is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. **Majczyk v. Oesch**, 789 A.2d 717, 720 (Pa. Super. 2001). If a decision is based on "findings which are without factual support in the record, however, the reviewing court will not hesitate to reverse." **Lilly v. Markvan**, 763 A.2d 370, 372 (Pa. 2000) (citation omitted).

"The right of an attorney to a charging lien upon a fund in court or otherwise applicable for distribution on equitable principles, which his services primarily aided in producing and to which, by agreement with his client, he is to look for compensation, has long been recognized . . . ." **Brandywine Sav. & Loan Ass'n v. Redev. Auth. of Chester Cnty**., 514 A.2d 673, 674 (Pa.Cmwlth. 1986) (quoting **Harris's Appeal**, 186 A. 92, 94–95 (Pa. 1936)).

In order to obtain a charging lien, the party seeking the lien must show five things:

> (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out

- 5 -

of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

***Shenango Sys. Sols., Inc. v. Micros-Systems, Inc.***, 887 A.2d 772, 774 (Pa.Super. 2005) (citing ***Recht***, 168 A.2d at 138-39).

The trial court here concluded that Quinn failed to establish the five ***Recht*** factors. We find no misapplication of the law or abuse of discretion. The court emphasized that it held no fund for the Lien to attach, nor does Quinn identify any available fund. The court added that while Quinn's work did result in success for Pashuck in the quiet title action, his work does not entitle him to be paid via funds from the sale of the Property. Neither Quinn's representation agreement with Pashuck nor the April 30th default judgement provide that Quinn is to be paid from sale proceeds upon the sale of the Property. Indeed, Quinn cannot establish the third ***Recht*** factor because the parties never agreed that Quinn would be paid out of any fund and Quinn's representation agreement with Pashuck specifies Parcel, LLC is responsible for Quinn's fees.

Next, Quinn has not provided itemized evidence to support his bill for more than $35,000. This is particularly concerning in light of the fact that he initially listed his fee in connection with the quiet title action as $2,313.89. Finally, Quinn provides no equitable reason that would necessitate the Lien. If a fee dispute exists among the parties, Quinn may pursue action against

Parcel, LLC, as specified in his representation agreement with Pashuck. Therefore, we conclude that the trial court did not abuse its discretion by granting Pashuck's motion to strike the Lien. ***See Boatin***, 955 A.2d at 427. Accordingly, we affirm the trial court's order striking the Lien.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/21